**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.: 5:23-cv-00266-SSS-DTBx<br><br>[*Honorable Sunshine S. Sykes*]<br>*Magistrate Judge David T. Bristow*<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS**<br><br>[*Filed concurrently:* Plaintiffs' Opposition to Defendants' Motions for Summary Judgment; Memorandum of Points and Authorities in support thereof; Plaintiffs' Statement of Genuine Disputes of Material Fact; Plaintiffs' Statement of Evidentiary Objections, *and Proposed Order thereto*; Plaintiffs' Additional Material Facts; Declaration of Marcel F. Sincich *and exhibits thereto*; Declaration of Roger Clark]<br><br>MSJ Date:　May 17, 2024<br>Time:　　　2:00 p.m.<br>Dept.:　　　2, 2nd Floor |

1 **PLAINTIFFS' SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS**

2   Pursuant to Local Rule 56-2, and this Court's Civil Standing Order (Doc. 10),
3 Plaintiffs FRANK BENAVENTE and NICOLE VENTRESS respectfully submit
4 this Separate Statement of Evidentiary Objections.

7 DATED:  April 12, 2024        **LAW OFFICES OF DALE K. GALIPO**

8            By:       *Marcel F. Sincich*
             Dale K. Galipo, Esq.
9            Marcel F. Sincich, Esq.
             *Attorney for Plaintiffs*

# PLAINTIFFS' SEPARATE STATEMENT OF EVIDENTIARY OBJECTIONS

**A.    Defendants Present Facts In Their Motion That Are Not Included In Their Separate Statement And Not Supported By Evidence.**

     i.   Defendants claim that the car struck "Alvarado's patrol vehicle at a speed estimated to be between 14 and 16 mph." (Mot. at 6:15-16.) Defendants do not provide any support for this claim in their Motion or in their Separate Statement. (*See* Local Rule 56-1; Doc. 10, Civil Standing Order at 17-18.)

     ii.   Defendants claim that "Benavente had reversed at maximum acceleration." (Mot. at 13:11-12.) Defendants not only do not provide adequate support for this claim. Defendants' claim is so vague as to time that it must be disregarded, misstates facts, and is misleading. *See* FRE 403, 611. Defendants erroneously attempt to use this claim to make this matter analogous to *Plumhoff*, where the driver was accelerating prior to and at the moment of the shots. However, here, Defendants' own expert opines that the "Benavente applied the brakes of the Hyundai before the final impact with OPD Unit 1883." (See Defense Exh. K at 9.) Meaning approximately at the time of the impact with the Escobar unit, the car was not accelerating but slowing down. Further, Defendants' own expert opines that that the car was stopped for 1.1 seconds prior to the Alvarado's first shot, thus not accelerating. (See Defense Exh. K at 6, 9.)

     iii.   Defendants state, "then continuing on to strike another cruiser behind Corporal Alvarado's." (Mot. at 13:14-15.) Defendants do not provide any support for this contention. (*See* Local Rule 56-1; Doc. 10, Civil Standing Order at 17-18.)

     iv.   Defendants' misleading statement that Alvarado "was mere inches away from being crushed by the vehicle driven by Benavente," (Mot. at 13:16-

1  17), is a misstatement of facts. *See* FRE 403. There is no evidence that the car
2  was going to crush Alvarado. (*See* Local Rule 56-1; Doc. 10, Civil Standing
3  Order at 17-18.) There is no evidence that Alvarado was "inches away" from
4  being crushed. Further, the evidence shows, from Alvarado and his experts,
5  that Alvarado was not crushed and was not about to be crushed. (*See* Local
6  Rule 56-1; Doc. 10, Civil Standing Order at 17-18.)

7       v.    Defendants state, "even if Corporal Alvarado fired upon
8  Benavente after the Hyundai stopped as Benavente continued to press the
9  accelerator." (Mot. 15:20-23.) First, it is undisputed that Alvarado fired after
10 the car stopped. Thus, this is a misstatement of fact, unduly prejudicial,
11 argumentative, and misleading. *See* FRE 403. Second, there is no evidence that
12 "Benavente continued to press the accelerator" immediately before, during, or
13 after the shots. (*See* Local Rule 56-1; Doc. 10, Civil Standing Order at 17-18.)
14 It is undisputed that Benavente was slowing down prior to the final impact,
15 undisputed that Benavente's car was stopped immediately after the final
16 impact, undisputed that Alvarado fired 1.1 seconds after the final impact, and
17 undisputed that the car was still touching Vasquez-Lopez's vehicle for nearly 7
18 seconds in its stopped position after the final impact. The Defendants'
19 statement is an erroneously attempt to analogize this matter to *Monzon* or
20 *Plumhoff*.

21 **B.  Defendants infer in their motion that the video screenshot depicts**
22 **where Alvarado was when he unreasonably fired three shots at Benavente. (Mot.**
23 **at 7:1-4, and imbedded image.)**

24 Defendants' placement of a screenshot from the Vasquez-Lopez Video
25 immediately after their contention that Alvarado was "being sandwiched between his
26 open patrol var door and the frame of his vehicle" and that "Alvarado fired three
27 shots at Benavente's car from a distance of approximately one to four feet" is
28 misleading, argumentative, misstatement of fact, unduly prejudicial, and confusing

the issues. *See* FRE 403. This screenshot is undisputedly captured several seconds after Alvarado used deadly force. Prior to this screenshot, closer to the time of Alvarado's use of deadly force, it is undisputed that Alvarado was not in the position shown but inside his vehicle; not being sandwiched; not about to be crushed; and definitely not 1 foot from the window. The screenshot shows the car was stopped.

**C.     Defendants fail to properly pinpoint cite to evidence in the record.**

Pursuant to this Court's Order, "The parties shall comply with Local Rules 56-1 and 56-2, in addition to the Court's additional requirements." (Doc. 10, Civil Standing Order at 17:26-28.) Pursuant to Local Rule 56-1, "Each such fact must be numbered and must be supported by pinpoint citations (including page and line numbers, if available) to evidence in the record."

As can be readily seen in Defendants' Statement of Uncontroverted Facts, Defendants fail to add a line number to any of their citations. (Doc. 31-1.) Defendants' failure to follow the Local Rule and this Court's Order makes it difficult and unduly prejudicial to both Plaintiffs and this Court to verify Defendants allegedly uncontroverted facts.

|    | **Defendants' Undisputed Material Fact and Supporting Evidence** | **Plaintiffs' Statement of Evidentiary Objections** |
|----|---|---|
| 1. | Shortly before midnight on February 22, 2021, members of the Ontario Police Department attempted to initiate a traffic stop of Joseph Benavente who was driving a car with what appeared to be illegally tinted windows.<br><br>Moving Party's Evidence:<br>Benavente Depo at 12; Alvarado Depo at 6, 30; Vasquez Lopez Depo at 6; Varela Depo at 9, 26, 30. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 403<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Assumes Facts. FRE 611(a)(1) |

| | **Defendants' Undisputed Material Fact and Supporting Evidence** | **Plaintiffs' Statement of Evidentiary Objections** |
|---|---|---|
| 2. | Unbeknownst to the officers, Benavente was a recent parolee who had been in-and-out of both the juvenile justice and adult incarceration systems for most of his life and had only been in California for six days.<br><br>Moving Party's Evidence: Benavente Depo at 32, 34, 36, 44-50, 53, 60. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 403, FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Impermissible Information Unknown, irrelevant. FRE 401, FRE 403, FRE 602<br>**Objection**: Unduly Prejudicial. FRE 403<br>**Objection**: Hearsay. FRE 802/801 |
| 3. | Rather than pulling over, Benavente led the officers on a five to seven minute high-speed chase in which he drove on the wrong side of the road, almost t-boned a civilian motorist at an intersection, stopped and then performed a U-turn in an attempt to escape.<br><br>Moving Party's Evidence: Alvarado Depo at 33, 35; Vasquez Lopez Depo at 11; Varela Depo at 32, 34, 43, 45; *Exhibit* G-1 at 0:13-0:30), *Exhibit* G-3 at 0:45. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 403, FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Impermissible Information Unknown, irrelevant. FRE 401, FRE 403, FRE 602<br>**Objection**: Impermissible Character Evidence. FRE 404<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Improper Opinion. FRE 701, FRE 702 |
| 4. | After attempting to evade the officers for approximately five to seven minutes, Benavente pulled into a cul-de-sac, found himself trapped, and came to an abrupt halt.<br><br>Moving Party's Evidence: Varela Depo at 32, 49, 52; *Exhibit* "G-2" at 0:01-0:06. | **Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1)<br>**Objection**: Improper Opinion. FRE 701, FRE 702 |
| 5. | Believing that a foot pursuit was about to ensue, Corporal Albert Alvarado, an experienced field training officer, opened his car door and started to exit his vehicle. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403 |

| | **Defendants' Undisputed Material Fact and Supporting Evidence** | **Plaintiffs' Statement of Evidentiary Objections** |
|---|---|---|
| | Moving Party's Evidence: Alvarado Depo at 20; Varela Depo at 20. | **Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1)<br>**Objection**: Improper Opinion. FRE 701, FRE 702 |
| 6. | When Benavente stopped for the second time, Corporal Alvarado did not know if he was going to run, surrender, or drive off again.<br><br>Moving Party's Evidence: Alvarado Depo at 39. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1) |
| 7. | However, instead of surrendering himself, Benavente threw his car into reverse, revved his engine, accelerated backwards at a high rate of speed while significantly turning his vehicle directly toward Corporal Alvarado's patrol vehicle, striking both the front of Corporal Alvarado's patrol vehicle as well as the door Corporal Alvarado was standing behind.<br><br>Moving Party's Evidence: Alvarado Depo at 12-13, 27; Vasquez Lopez Depo at 18-19; Varela Depo at 49, 52, 56, 58-59; *Exhibit* "G-2" at 0:01-0:06; see Exhibits "H", "I", and "J"; *Exhibit* "K" at 8-9. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1)<br>**Objection**: Improper Opinion. FRE 701, FRE 702 |
| 8. | As Corporal Alvarado stepped out of his car, he saw Benavente's reverse lights come on, but he had no time to get back in the car.<br><br>Moving Party's Evidence: | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3) |

| Defendants' Undisputed Material Fact and Supporting Evidence | Plaintiffs' Statement of Evidentiary Objections |
|---|---|
| Alvarado Depo at 26, 46-48. | **Objection**: Misstates Facts. FRE 403, FRE 611(a)(1) |
| 9. Finding himself sandwiched between his open patrol car door and the frame of his vehicle, and believing he was about to be crushed to death, Corporal Alvarado fired three shots in rapid succession at Benavente's car from a distance of approximately one to four feet.<br><br>Moving Party's Evidence: Alvarado Depo at 6, 8, 12, 29, 48-49; Vasquez Lopez Depo at 6-7, 9, 36-38; Exhibit E; Varela Depo at 9-10; *Exhibit* "G-2" at 0:01-0:06; *Exhibit* "G-3" at 0:58-1:00; see *Exhibit* "K" at 8-9. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1) |
| 10. Corporal Alvarado fired because he was trying to stop the threat.<br><br>Moving Party's Evidence: Alvarado Depo at 8. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Assumes Facts. FRE 403, FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1)<br>**Objection**: Improper Opinion. FRE 701, FRE 702 |
| 11. Benavente's car continued backwards and struck a second patrol care almost simultaneously.<br><br>Moving Party's Evidence: Alvarado Depo at 27, 63; Lopez Depo at 7, 19; see *Exhibits* "H", "I", and "J". | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 611(a)(1)<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1) |

| | **Defendants' Undisputed Material Fact and Supporting Evidence** | **Plaintiffs' Statement of Evidentiary Objections** |
|---|---|---|
| | | **Objection**: Improper Opinion. FRE 701, FRE 702<br>**Objection**: Lack Personal Knowledge. FRE 602 |
| 12. | At this point, Benavente appeared hurt and slumped forwards toward the steering wheel.<br><br>Moving Party's Evidence:<br>Alvarado Depo at 15. | **Objection**: Vague as to time as phrased. FRE 611(a)(1) |
| 13. | Benavente's car, however, was still operation, was placed in drive, and began to roll forward before coming to rest against a sidewalk curb and tree.<br><br>Moving Party's Evidence:<br>Vasquez Lopez Depo at 23; *Exhibit* "G-2" at 0:14-0:21; *Exhibit* "G-3" at 1:08-1:15. | **Objection**: Vague and Ambiguous. FRE 611(a)(1)<br>**Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Argumentative. FRE 403, FRE 611(a)(3)<br>**Objection**: Impermissible Information Unknown, irrelevant. FRE 401, FRE 403, FRE 602 |
| 14. | After clearing Benavente's car of a passenger and securing the scene, Officers made repeated calls for Benavente to exit the vehicle.<br><br>Moving Party's Evidence:<br>*Exhibit* "G-3" at 2:04-6:04. | **Objection**: Relevance. FRE 401<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1) |
| 15. | After approximately four minutes and seeing no response from Benavente, the officers approached and observed that Benavente had been shot through the neck.<br><br>Moving Party's Evidence:<br>Vasquez Lopez Depo at 28-30; *Exhibit* "G-3" at 7:37-8:29. | **Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Incomplete. FRE 403<br>**Objection**: Misstates Facts. FRE 403, FRE 611(a)(1) |

| Defendants' Undisputed Material Fact and Supporting Evidence | Plaintiffs' Statement of Evidentiary Objections |
|---|---|
| 16. Benavente was removed from the car, handcuffed, and searched for weapons.<br><br>Moving Party's Evidence:<br>Lopez Depo at 31; Varela Depo at 69; *Exhibit* "G-3" at 8:40-9:29. | **Objection**: Compound. FRE 611(a)(1)<br>**Objection**: Vague as to time as phrased. FRE 611(a)(1) |
| 17. Benavente was subsequently pronounced dead at the scene by responding paramedics.<br><br>Moving Party's Evidence:<br>Alvarado Depo at 49-50; *Exhibit* "G-3" at 11:46-17:08. | **Objection**: Vague as to time as phrased. FRE 611(a)(1) |

DATED:  April 12, 2024          **LAW OFFICES OF DALE K. GALIPO**

By: _____*Marcel F. Sincich*_____
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
*Attorney for Plaintiffs*