| | |
|---|---|
| 1 | James R. Touchstone, SBN 184584 |
| | jrt@jones-mayer.com |
| 2 | Denise L. Rocawich, SBN 232792 |
| | dlr@jones-mayer.com |
| 3 | Scott Wm. Davenport, SBN 159432 |
| | swd@jones-mayer.com |
| 4 | JONES MAYER |
| | 3777 North Harbor Boulevard |
| 5 | Fullerton, CA 92835 |
| | Telephone:  (714) 446-1400 |
| 6 | Facsimile:  (714) 446-1448 |
| 7 | Attorneys for Defendants, |
| | CITY OF ONTARIO and ALBERT ALVARADO |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENAVENTE and NICOLE VENTRESS, | Case No.: 5:23-CV-00266-SSS |
| Plaintiffs, | *Judge:*  Hon. Sunshine S. Sykes |
| v. | **DECLARATION OF SCOTT WM. DAVENPORT IN RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE OF MOTION FOR SUMMARY JUDMGENT [Dkt. 37]** |
| ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive, | |
| Defendants. | Date:    June 28, 2024 |
| | Time:    2:00 p.m. |
| | Ctrm:    2 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants CITY OF ONTARIO and ALBERT ALVARADO hereby submit this Declaration of Scott Wm. Davenport in Response to Plaintiff's Objection to Defendant's Notice of Motion for Summary Judgment [Dkt. 37].  As set forth in the attached declaration and as demonstrated by the attached exhibits, the parties did participate in a meaningful meet and confer process prior to the filing of the motion in this case.  Accordingly, defendants respectfully request that the evidentiary objection be overruled and that the Court address the motion on its merits.

-1-

# DECLARATION OF SCOTT WM. DAVENPORT

I, Scott Wm. Davenport, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am an attorney in the law firm of Jones Mayer, counsel of record for Defendants in this matter. This Declaration is submitted in response to Plaintiff's Objection to Defendant's Notice of Motion for Summary Judgment and/or Partial Summary Judgment of Issues. If called as a witness, I would and could competently testify to all of the facts contained within this declaration based upon my personal knowledge.

2. On January 9, 2024, I first contacted counsel regarding attempts to meet and confer on the filing of this motion. A true and correct copy of this email correspondence is attached hereto as *Exhibit* "A".

3. In this initial correspondence, I stated:

> The District Court has some local-local rules that differ somewhat significantly from the norm in several respects. First, the Court requires 7 weeks' notice on an MSJ (which is why I am starting so early) and indicates that it really expects at least a telephonic attempt to meet and confer (not my email). I wanted to see if there is a time this week or next when we could discuss our forthcoming motion which will address the following issues: (1) force used was reasonable under the totality of the circumstances; (2) no denial or medical care or familiar relationship claims; (3) no Monell liability; and (4) qualified immunity.
>
> We have all been doing this a long time and don't know that there will be much to discuss as we will most likely agree to disagree. However, I would encourage you to consider dismissing the First and Third causes of action (detention/arrest and denial of medical care) given the BWC evidence.
>
> I will be in the LA/OC area tomorrow if you would like to meet in person or we could set something up either telephonically or via zoom for some time over the next week of wo. Please let me know your availability. *Exhibit* "A" at 5-6.

1        4.     Thereafter, the parties continued to engage in email correspondence regarding the forthcoming meet and confer conference and eventually agreed to have a telephonic conference on March 11, 2024, at 11:00 a.m. *Exhibit* "A" at 1-5.

5. **The telephonic meet and confer did, in fact, occur on March 11, 2024, at approximate 11:00 a.m. Present at this conference were Attorney Marcel Sincich for the Plaintiffs and Scott Wm. Davenport for the Defendants. The telephonic conference last approximately 18 minutes and discussed the issues raised set out in the previous email exchange and ultimately raised in the motion, namely: (1) force used was reasonable under the totality of the circumstances; (2) no denial or medical care or familiar relationship claims; (3) no Monell liability; and (4) qualified immunity. The parties were not able to resolve any of these issues informally. This meeting was confirmed subsequently confirmed by counsel.** *Exhibit* "A" at 1.

6.     On March 29, 2024, eighteen days after the completed meet and confer conference, I filed the motion for summary judgment in this case. [Dkt. 31]. At the time of the filing, I included a declaration which provided, "Prior to bringing this motion, Defendants attempted to meet and confer regarding the issues presented herein as required by Local Rule 7-3. However, these attempts were unsuccessful, thereby making this motion necessary." Dkt. 31-2 at ¶ 10.

7.     On April 12, 2024, plaintiffs filed an Opposition to the Motion for Summary Judgment. Dkt. 32. On April 19, 2024, defendants filed a Reply. Dkt. 33. Thereafter, on April 15, 2024, this Court on its own motion continued the hearing from May 17, 2024, to June 28, 2024. Dkt. 34.

8.     Then, yesterday, on June 6, 2024, after the case had been fully briefed, counsel for plaintiff filed an objection to the Notice of Motion for Summary Judgment which implied that defendant had not engaged in the meet and confer process. However, as demonstrated above, this is patently untrue and, indeed, defendants began the process several months before the motion was ever

filed and informed plaintiff of this Court's local-local rules which differ somewhat from the Federal Rules of Civil Procedure and the Central District of California's Local Rules. Moreover, plaintiff's counsel never addressed this issue at the time he filed his opposing papers nor did he address this issue prior to filing the evidentiary objection.

9. As set forth in this declaration, in general, and in Paragraph 5, in particular, the parties engaged in meaningful meet and confer prior to the filing of the motion as required by the Code, the Local Rules, and this Court's standing order. Accordingly, defendants request that plaintiff's objection be overruled and that this Court address the motion for summary judgment on the merits.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 7th day of May, 2024, at Chula Vista, California.

/s/ Scott Wm. Davenport
_____
Scott Wm. Davenport,
Declarant