James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
dlr@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendant CITY OF ONTARIO and ALBERT ALVARADO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>Plaintiffs,<br>vs.<br><br>ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: CV23-00266 JGB (SP)<br>Judge: Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRIFURCATE TRIAL**<br><br>**[Motion in Limine # 4]**<br><br>Date: July 26, 2024<br>Time: 2:00 p.m.<br>Ctrm: 2 |

- i -

PLEASE TAKE NOTICE that on July 26, 2024, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom "2" of the United States District Court, located at 3470 Twelfth Street, Riverside, California 92501-3801, Defendants CITY OF ONTARIO and ALBERT ALVARADO, will and hereby do move this Court for an Order trifurcating the trial into the following phases:

<u>Phase 1</u>: The trial of the issue of the individual peace officer defendant – Corporal Alvarado's -- liability under 42 U.S.C. § 1983 and damages;

<u>Phase 2</u>: The trial of the issue of Defendant City of Ontario liability under 42 U.S.C. §1983 and <u>Monell v. Dept. of Soc. Serv. of City of New York</u>, 436 U.S. 658 (1978) (if necessary);

<u>Phase 3</u>: The trial of the issue of punitive damages against Corporal Alvarado (if necessary).

This Motion is made following a pre-trial conference of counsel pursuant to U.S. District Court Central District, Local Rule 7-3, which took place on June 14, 2024. This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any matters of which the Court may take judicial notice, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

//
//
//
//
//
//
//
//

- 1 -

NOTICE OF MOTION AND MOTION TO TRIFURCATE TRIAL

As will be discussed below, trifurcation of this trial and separating the issues of individual and municipal liability, as well as punitive damages, would be appropriate. Trifurcation of the trial as to Monell liability (if necessary) and punitive damages against Corporal Alvarado (if necessary) is proper under Federal Rules of Civil Procedure, Rule 42, in that it would avoid prejudice to the parties, promotes judicial economy, and is in the interests of justice.

Dated: June 20, 2024

Respectfully submitted,

JONES & MAYER

By: _____
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
Attorneys for Defendants City of Ontario and Corporal Alvarado

## I. INTRODUCTION

Shortly before midnight on February 22, 2021, recent parolee Joseph Benavente led multiple members of the Ontario Police Department on a high-speed chase in which he drove on the wrong side of the road, almost t-boned a civilian motorist, stopped suddenly, and then performed a U-turn in order to attempt to escape.

After attempting to evade the officers for approximately five to seven minutes, Benavente pulled into a cul-de-sac, found himself trapped, and came to an abrupt halt. Believing that a foot pursuit was about to ensue, Corporal Albert Alvarado, an experienced field training officer, opened his car door and started to exit his vehicle. However, instead of surrendering himself, Benavente threw his car into reverse, revved his engine, and accelerated backwards at a high rate of speed, striking Corporal Alvarado's patrol vehicle at a speed estimated to be between 14 and 16 mph.

Finding himself in the terrifying position of being sandwiched between his open patrol car door and the frame of his vehicle – and believing he was about to be crushed to death – Corporal Alvarado fired three shots at Benavente's car from a distance of approximately one to four feet in an attempt to stop the threat. Benavente's car continued backwards striking another patrol. At this point, Benavente appeared hurt and slumped forwards towards the steering wheel. His car, however, was still operational, was placed into drive and began to roll forward slowly before coming to rest against a tree. The tires continued spinning while the vehicle was pinned against the tree.

After clearing Benavente's car of a passenger and securing the scene, Officers approached and observed that Benavente was slumped over and had been shot. Benavente was removed from the car, handcuffed, and searched for weapons. Medical care, which had been staged until Benavente was safely taken into custody evaluated Benavente and subsequently pronounced him dead at the

scene.

## II. STATEMENT OF LAW

### A. FEDERAL RULES OF CIVIL PROCEDURE, RULE 42, AUTHORIZES BIFURCATION/TRIFURCATION OF THE TRIAL

Federal Rules of Civil Procedure, Rule 42, provides, in part, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." FED. R. CIV. P. 42(b).

In determining whether to bifurcate/trifurcate a trial, the court should consider four primary factors: convenience; prejudice; judicial economy; and, reducing the risk of confusion. See Richmond v. Weiner, 353 F.2d 41 (9th Cir. 1965). For the reasons set forth in this motion, the defendants respectfully request that the Court trifurcate this action into the following three phases: (1) determination of whether Corporal Alvarado violated the Plaintiffs' constitutional rights and Plaintiffs' damages; (2) determination of whether a custom, practice or policy promulgated by the City of Ontario led to the alleged constitutional violations suffered by the Plaintiffs; and, (3) determination of whether evidence exists to support an award of punitive damages against Corporal Alvarado. Trifurcating the trial in this manner would serve the four factors outlined in Richmond, namely, convenience, prejudice, judicial economy and reducing the risk of confusion.

### B. SEPARATE TRIALS AS TO THE ISSUES OF INDIVIDUAL AND MUNICIPAL LIABILITY IS APPROPRIATE

As a predicate to the Plaintiffs' Monell claim, the Plaintiffs must first establish that a constitutional violation occurred. Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004). If – and only if – the Plaintiffs can convince a jury that this did, in fact, occur, then the Plaintiffs can advance to the next phase of their claim against the City of Ontario for municipal liability under Monell: Establishing the existence of a custom, practice or policy that led to the constitutional violation. Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005).

Federal courts routinely bifurcate trials on Section 1983 claims and hear the claims alleging a constitutional violation first, before turning to the issue of municipal liability. See, e.g., Santos v. Gates, 287 F.3d 846, 851 (9th Cir. 2002) Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 518 (9th Cir. 1999); Quintilla v. City of Downey, 84 F.3d 353 (9th Cir. 1996). Bifurcation of these issues serves to prevent prejudice to both the government entity and the individual(s) by clarifying the very distinct bases of liability (individual liability versus municipal liability) and precluding a finding against the individual defendant(s) based upon the collective conduct of the government entity. See Quintilla, 84 F.3d 356 ["bifurcation enable[s] the court to separate the questions regarding the constitutionality of the [] officers' actions from the questions regarding the . . . city's liability under Monell."].)

In bifurcating Section 1983 claims, federal courts are concerned not only about judicial economy, but potential prejudice to the defendants. Id. Under Section 1983 and Monell, a public entity is not liable for Section 1983 damages unless a fact finder first concludes that Corporal Alvarado, acting pursuant to policy, inflicted constitutional harm. See City of Los Angeles v. Heller, 475 U.S. 796 (1986) [per curiam]. Recognizing the prejudice to the defendants that would

occur if the claims were tried together, the Supreme Court explained in <u>Heller</u>, "If a person has suffered no constitutional injury at the hands of [a] individual police officer, ***the [conduct of the department] is quite beside the point***." <u>Id</u>. at 799 [emphasis added].

Indeed, by allowing the Plaintiffs to focus on purported customs, practices, policies or training at the City of Ontario, Plaintiffs will confuse the jury as to the issues and the standards of liability for individuals versus municipalities under Section 1983. Trying the constitutional violation issue under Section 1983 before and apart from that of municipal liability serves to minimize prejudice to all Defendants.

### C.    A SEPARATE TRIAL AS TO THE ISSUE OF PUNITIVE DAMAGES AGAINST THE INDIVIDUAL PEACE OFFICER DEFENDANT IS APPROPRIATE

Courts trying Section 1983 cases in the Ninth Circuit often bifurcate the punitive damages issue. <u>See</u>, e.g., <u>Saenz v. Reeves</u>, 2013 U.S. Dist. LEXIS 82628 (E.D. Cal. 2013); <u>James v. Wilber</u>, 2012 U.S. Dist. LEXIS 178945 (E.D. Cal. 2012); <u>Henderson v. Peterson</u>, 2011 U.S. Dist. LEXIS 76799 (N.D. Cal. 2011); <u>Warner v. Cate</u>, 2017 U.S. Dist. LEXIS 121814 (E.D. Cal. 2017); <u>Branch v. Umphenour</u>, 2016 U.S. Dist. LEXIS 169635 (E.D. Cal. 2016). If the jury finds that Corporal Alvarado acted with malice, the Court is authorized to bifurcate punitive damages from the liability and compensatory damages phase of trial. <u>See</u> <u>Vasbinder v. Ambach</u>, 926 F.2d 1333, 1334 (2d Cir. 1991) ["Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case."].

Here, Corporal Alvarado would be unduly prejudiced if the prospect of punitive damages was not separated from the liability and compensatory damages

phase of trial, as information regarding Corporal Alvarado's net worth may improperly influence the jury's determination as to liability issues. As such, it is respectfully requested that punitive damages against the individual peace officer defendant -- Corporal Alvarado -- (if necessary) be parceled out into a separate phase of trial in this matter.

### D.  TRIFURCATION OF THIS TRIAL WOULD PROMOTE JUDICIAL ECONOMY

If the Court were to trifurcate the trial as requested, the second and third phases of the trial may be rendered unnecessary. In other words, if the jury were to find that Corporal Alvarado did not violate any constitutional right in phase 1, there would be no need for phases 2 and 3. In this situation, the jury would have conclusively determined that the Plaintiffs' constitutional rights were not violated and consequently, there would be no basis for proceeding to determine the issue of punitive damages against Corporal Alvarado or the City's liability. See City of Los Angeles v. Heller, 475 U.S. 796 (1986); Palmerin v. Riverside, 794 F.2d 1409 (9th Cir. 1986); see also Figueroa v. Gates, 207 F.Supp.2d 1085, 1101 (C.D. Cal. 2002) ["if the officers are found to not be liable, then there would be no need to proceed to the Monell and punitive damages questions, as they are premised on a finding of unconstitutional action by the shooting officers"]; Wilson v. Morgan, 477 F.3d 326, 340 (6th Cir. 2007) ["It was not an abuse of discretion to bifurcate the individual liability from municipal liability, and it would be illogical to try the municipality first since its liability under § 1983 could not be determined without a determination of the lawfulness of the individuals' actions."]

Clearly, bifurcating the issues of individual liability and municipal liability, as well as punitive damages, would promote judicial economy where it could essentially negate a good portion of the trial.

## III. CONCLUSION

Based upon the foregoing, Defendants request that the Court issue an order bifurcating the trial into the following three phases:

<u>Phase 1</u>: The trial of the issue of the individual peace officer defendant – Corporal Alvarado's -- liability under 42 U.S.C. § 1983 and Plaintiffs' damages;

<u>Phase 2</u>: The trial of the issue of the City of Ontario's liability under 42 U.S.C. §1983 and <u>Monell v. Dept. of Soc. Serv. of City of New York,</u> 436 U.S. 658 (1978) (if necessary);

<u>Phase 3</u>: The trial of the issue of punitive damages against Corporal Alvarado (if necessary).

Dated:   June 20, 2024

Respectfully submitted,

JONES & MAYER

By: _____
JAMES R. TOUCHSTONE
DENISE L. ROCAWICH
Attorneys for Defendants City of Ontario and Corporal Alvarado

- 8 -