1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
   Marcel F. Sincich, Esq. (SBN 319508)
3  msincich@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  **RODRIGUEZ APODACA LAW FIRM, LLP**
   Richard A. Apodaca (SBN 292294)
7  richarda@ralawllp.com
   Elissa K. Buenrostro (SBN 303299)
8  elyb@ralawllp.com
   Empire Towers I
9  3633 Inland Empire Blvd., Suite 575
   Ontario, CA 91764
10 Tel: (909) 944-3777
   Fax: (909) 944-5777

11 *Attorneys for Plaintiffs*

12 James R. Touchstone, SBN 184584
   jrt@jones-mayer.com
13 Denise L. Rocawich, SBN 232792
   dlr@jones-mayer.com
14 JONES MAYER
   3777 North Harbor Boulevard
15 Fullerton, CA 92835
   Telephone: (714) 446-1400
16 Facsimile: (714) 446-1448

17 *Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00266-SSS-KK<br>[*Honorable Sunshine S. Sykes*]<br><br>**JOINT STIPULATION REGARDING EVIDENCE AT TRIAL AND MOTIONS *IN LIMINE***<br><br>[(Proposed) Order *filed concurrently herewith*] |

**TO THE HONORABLE COURT:**

COMES NOW, collectively the parties, Plaintiffs Frank Benavente and Nicole Ventress ("Plaintiffs"), and Defendant City of Ontario and Albert Alvarado ("Defendants"), by and through their respective attorneys of record (together called the "Parties"), hereby present this Joint Stipulation regarding Evidence at Trial and Motions *in Limine* upon the following good cause:

WHEREAS, on June 14, 2024, the Parties meet and conferred pursuant to L.R. 7-3 and this Civil Order (Doc. 10) regarding anticipated Motions *in Limine*.

WHEREAS, the Parties reached an agreement as to the following and therefore will not file a motion *in limine* to exclude such information.

WHEREAS, the Parties have agreed and hereby stipulate that there shall be no evidence, testimony, or reference at trial, in any phase, to any of the following information:

1. Plaintiffs' drug and alcohol history, if any, except as to foundational issues concerning decedent's drug use and any potential damage to parental-child relationship.

2. Any findings or conclusions by the District Attorney's Office as to whether to press criminal charges against Defendant Alvarado and the basis for that decision.

3. Any findings or conclusions by the City of Ontario/Ontario Police Department as to whether the force was reasonable, proportionate, or within policy, unless offered during the Monell phase of trial, if applicable.

4. Any inference of gang activity or membership.

5. Any juvenile crimes, wrongs, or bad acts, including conduct in school (e.g., "acting up"), and conduct in foster care and/or the group home as a child, including running away.

6. Opinions by experts concerning the intention and/or subjective mindset/thoughts of any other person, including what a third person was intending to do or trying to do.

7. Legal conclusions, which are the province of the Court.

8. Credibility determinations, which are the province of the jury.

9. Opinions not included in expert reports or depositions.

10. Decedent's criminal history, if any, *except* if it were within 10 years of the incident, a felony, and decedent was an adult at the time of the conviction.

WHEREAS, the Parties have agreed and hereby stipulate that no evidence, testimony, or reference at trial regarding the following information shall apply to liability in this matter, which may be subject to the Court's ruling regarding the phases of trial or subject to a limiting instruction if liability and damages are tried in the same phase:

1. Plaintiffs' loss of physical custody of decedent at approx. age 8 or 9.

2. Decedent's placement in foster care and/or a group home as a child.

3. The reason(s) for being placed in foster care/group home, except the fact that decedent Joseph Benavente was in foster care custody during much of his juvenile life.

4. Any prior medical history, diagnosis, conditions, or medications, except as relevant to damages regarding the state of the child-parent relationship and excluding decedent's drug use and state of intoxication at the time of the incident.

WHEREAS, the above agreement and stipulation does not apply to information in which the opposing party opens the door to such information, and/or if such information is used for impeachment purposes only. If a party believes the door is opened or if the party believes information may be used for impeachment,

that party must hold a side bar with the Court and counsel prior to the attempted admission of any evidence.

It is so stipulated.

Respectfully submitted,

Dated: June 20, 2024,      **LAW OFFICE OF DALE K. GALIPO**
                          **RODRIGUEZ APODACA LAW FIRM, LLP**

                          By */s/          Marcel F. Sincich*
                            Dale K. Galipo
                            Marcel F. Sincich
                            *Attorneys for Plaintiffs*,
                            FRANK BENAVENTE and
                            NICOLE VENTRESS

Dated: June 20, 2024,      **JONES MAYER**

                          By */s/          James R. Touchstone*
                            James R. Touchstone
                            Denise L. Rocawich
                            *Attorneys for Defendants*,
                            CITY OF ONTARIO and ALBERT
                            ALVARADO