**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00266-SSS-KK<br><br>**[PROPOSED] ORDER GRANTING STIPULATION REGARDING EVIDENCE AT TRIAL AND MOTIONS *IN LIMINE*** |

Having reviewed the parties' Joint Stipulation Regarding Evidence At Trial And Motions *In Limine* (Doc. 41) and finding good cause therefor, it is hereby ORDERED as follows:

The following is excluded from trial, in any phase, including evidence, testimony, or reference as to the following information:

1. Plaintiffs' drug and alcohol history, if any, except as to foundational issues concerning decedent's drug use and any potential damage to parental-child relationship.

2. Any findings or conclusions by the District Attorney's Office as to whether to press criminal charges against Defendant Alvarado and the basis for that decision.

3. Any findings or conclusions by the City of Ontario/Ontario Police Department as to whether the force was reasonable, proportionate, or within policy, unless offered during the Monell phase of trial, if applicable.

4. Any inference of gang activity or membership.

5. Any juvenile crimes, wrongs, or bad acts, including conduct in school (e.g., "acting up"), and conduct in foster care and/or the group home as a child, including running away.

6. Opinions by experts concerning the intention and/or subjective mindset/thoughts of any other person, including what a third person was intending to do or trying to do.

7. Legal conclusions, which are the province of the Court.

8. Credibility determinations, which are the province of the jury.

9. Opinions not included in expert reports or depositions.

10. Decedent's criminal history, if any, *except* if it were within 10 years of the incident, a felony, and decedent was an adult at the time of the conviction.

Further, there shall be no evidence, testimony, or reference at trial regarding the following information as to liability in this matter, which may be subject to the Court's ruling regarding the phases of trial or subject to a limiting instruction if liability and damages are tried in the same phase:

1. Plaintiffs' loss of physical custody of decedent at approx. age 8 or 9.

2. Decedent's placement in foster care and/or a group home as a child.

3. The reason(s) for being placed in foster care/group home, except the fact that decedent Joseph Benavente was in foster care custody during much of his juvenile life.

4. Any prior medical history, diagnosis, conditions, or medications, except as relevant to damages regarding the state of the child-parent relationship and excluding decedent's drug use and state of intoxication at the time of the incident.

If any party seeks to admit any information referenced herein because the opposing party opens the door to such information, and/or if such information is used for impeachment purposes only, the proponent seeking admission must request a side bar with the Court and counsel prior to the attempted admission of any evidence.

IT IS SO ORDERED.

Dated: _____, 2024

_____
Honorable Sunshine S. Sykes
United States District Court Judge