James R. Touchstone, SBN 184584
  jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
  dlr@jones-mayer.com
Scott Wm. Davenport, SBN 159432
  swd@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:  (714) 446-1448

Attorneys for Defendants,
CITY OF ONTARIO and ALBERT ALVARADO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENAVENTE and NICOLE VENTRESS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.:  5:23-CV-00266-SSS<br><br>*Judge:*  Hon. Sunshine S. Sykes<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO INTRODUCE PORTIONS OF VIDEOTAPED STATEMENT OF LINDA BRIONES; DECLARATION OF SCOTT WM. DAVENPORT; EXHIBIT**<br><br>**[Motion in Limine #3]**<br><br>Date:　　July 26, 2024<br>Time:　　2:00 p.m.<br>Ctrm:　　2 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

　　PLEASE TAKE NOTICE that on July 26, 2024, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom "2" on the United Stat5es District Court, located at 3470 Twelfth Street, Riverside, California 92501-3801,

　　Defendants CITY OF ONTARIO and ALBERT ALVARADO hereby move this Court *in limine* for an order allowing the introduction of portions of the videotaped statement of Linda Briones, who was a percipient witness to the events and who Defendants believe may not appear at trial.

-1-

This Motion is based upon the papers and pleadings on file in this action, the attached declaration and exhibits, and upon such further matters that may be presented at the hearing on this Motion. This Motion is made following the conference of counsel pursuant to Local Rule 7-3.

Dated: June 21, 2024     JONES MAYER

By: */s/ James R. Touchstone*
JAMES R. TOUCHSTONE

Attorneys for Defendants,
CITY OF ONTARIO and ALBERT ALVARADO

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Linda Briones was the passenger in the car driven by Decedent Joseph Benavente ("Benavente") and, having been seated just inches away from him during the pursuit and when he was shot, was a percipient witness to the events.

Shortly after the incident, Ms. Briones was taken into custody for an outstanding warrant and transported to the Ontario Police Department. See *Exhibit* "A". While in the booking area, she gave a videotaped statement to Detective Marszalek which was recorded on his Body Worn Camera. In this recorded statement, Ms. Briones stated:

- During the pursuit, Decedent Benavente told her that he was not going to stop.
- Ms. Briones did not know what to do, so she called Decedent's mother on her cell phone and told her that Benavente was not stopping for the police car.
- Benavente's mother screamed at him and told him to stop, but Benavente said he was serious and not going to stop.
- When Benavente realized that he had turned onto a dead-end cul-de-sac, he told Ms. Briones, "Yeah, watch this."

During the course of discovery, Ms. Briones was subpoenaed on multiple separate occasions; however, she failed to appear at any of the properly noticed depositions. See Declaration of Scott Wm. Davenport. Based on her prior actions, Defendants believe it likely that Ms. Briones will also fail to honor her trial subpoena in this case. If, in fact, that occurs, Defendants will seek to introduce the portions of the videotaped statement Ms. Briones gave to law enforcement described above.

Although motions *in limine* are typically used to exclude evidence, Defendants wants to address this issue *in limine* proactively given that the

admissibility of this evidence potentially contains three levels of hearsay which requires a more detailed analysis that is often possible mid trial.

## 2. BRIONES' VIDEOTAPED STATEMENT IS ADMISSIBLE

The videotaped statement of Ms. Briones potentially contains multiple levels of hearsay. However, pursuant to F.R.E. 805, such evidence is not excluded if each part of the combined statements conforms to an exception to the hearsay rule. F.R.E. 805. Accordingly, each level of which is discussed below.

### A. The Videotape Itself is Admissible

First, the videotape would be admissible as a record of regularly conducted activity (F.R.E. 803(6)) as well as a public record (F.R.E.803(8)). Here, the statements were made as part of the follow-up investigation into this officer-involved shooting and were recorded on the officer's body worn camera contemporaneously with the statements. Subject to receipt of authentication evidence from Officer Clinton, the interviewing officer, regarding the time, manner, and identity of Ms. Briones, the videotape itself is admissible.

Moreover, this is also admissible under the residual exception. F.R.E. 807. Here, the video was made close in time to the incident, Ms. Briones had a personal relationship with Benavente, the interview and setting was of a formal nature, the video is the most probative on these points and not subject to interpretation of memory loss, and that statements in the video are corroborated by other independent evidence in this case.

### B. Briones' Statements Made on the Videotape Are Admissible

F.R.E. 804 provides various criteria for determining when a witness should be considered unavailable, including when the witness refuses to testify or is absent from trial. When such is the case, statements against interest which are contrary to the witnesses proprietary or pecuniary interest, or which have a tendency to invalidate the witnesses' claim against someone or to expose the witness to civil or criminal liability are admissible. Since there have been multiple

attempts to subpoena Ms. Briones in the past that have proven unsuccessful, good cause exists to treat her as unavailable. See *United States v. Smith,* 928 F.3d 1215, 1231 (11th Cir. 2019).

Additionally, this evidence would be admissible as a recorded recollection pursuant to F.R.E. 803(5)(B)&(C). *BCCI Holdings v. Khalil,* F.R.D. 3 (D.D.C. 1999) (where witness makes recorded statement while matters are fresh in her memory, statement may be admitted if statement accurately reflected knowledge of witness at the time it was made).

Ms. Briones' statements are also admissible as a present sense impression (F.R.E. 803(1)) and/or excited utterance (F.R.E. 803(2)). Given that she was interviewed shortly after she observed Benavente die as a result of a fatal gunshot wound while sitting next to her – and that she was in custody at the time of her statement – sufficient evidence exists to admit this evidence as both a present sense impression and an excited utterance.

Ms. Briones' statement would also be admissible as evidence of her then-existing mental or emotional condition such as motive, intent or plan (F.R.E. 803(3)). Here, Ms. Briones' statements discuss her intent to persuade Benavente to pull over, her attempts to obtain assistance in this regard from Benavente's mother, and her lack on any co-conspiratorial intent.

Finally, Ms. Briones' statements would also be admissible under the residual exception. F.R.E. 807. As stated above, the video was made close in time to the incident, Ms. Briones had a personal relationship with Benavente, the interview and setting was of a formal nature, the video is the most probative on these points and not subject to interpretation of memory loss, and that statements in the video are corroborated by other independent evidence in this case. In this case, there are sufficient guarantees of trustworthiness after considering the totality of the circumstances under which the statement was made, as well as evidence which corroborates the statement.

### C. Benavente's Statements Relayed By Briones Are Admissible

Finally, Benavente's statements that he was not going to pull over and "watch this" do not qualify as hearsay as they are not being offered to prove the fact of the matter. F.R.E. 801. Specifically, this evidence is not being offered to prove that Benavente did not, in fact, pull over; rather, they are being offered to show his state of mind at the time.

Moreover, to the extent they these statements do constitutes hearsay, they would be admissible as a present sense impression (F.R.E. 803(1)), and excited utterance (F.R.E. 803(2)), or a statement of then-existing mental or emotional condition such as motive, intent or plan (F.R.E. 803(3)). Clearly, leading police officers through a pursuit and making contemporaneous statements during this pursuit regarding one's intent would qualify as admissible evidence under any of these three exceptions.

Finally, these statements are admissible under the residual exception to the hearsay rule. F.R.E. 807. As repeatedly stated, the video was made close in time to the incident, Ms. Briones had a personal relationship with Benavente, the interview and setting was of a formal nature, the video is the most probative on these points and not subject to interpretation of memory loss, and that statements in the video are corroborated by other independent evidence in this case. Thus, in light of Ms. Briones' position as Benavente's friend, there is an indicator of trustworthiness as she has no motivation to lie about a statement that would make him look worse.

### 3. CONCLUSION

In sum, while the videotaped statement of Ms. Briones may potentially contain multiple levels of hearsay, each level conforms to an exception to the hearsay rule. F.R.E. 805. Accordingly, Defendants respectfully request that this Court issue an order providing that in the event Linda Briones fails to appear at trial despite being properly served with a subpoena, that Defendants be allowed to

introduce portions of her videotaped statement which were made to law enforcement immediately after the incident.

Dated: June 21, 2024

JONES MAYER

By: */s/ James R. Touchstone*
JAMES R. TOUCHSTONE

Attorneys for Defendants,
CITY OF ONTARIO and ALBERT ALVARADO

## DECLARATION OF SCOTT WM. DAVENPORT

I, Scott Wm. Davenport, declare:

1.  I am an attorney licensed to practice law in the State of California and before this Court. I am an attorney in the law firm of Jones Mayer, counsel of record for Defendants in this matter. This Declaration is submitted in support of Defendants' Motion *In Limine* No. 3. If called as a witness, I would and could competently testify to all of the facts contained within this declaration based upon my personal knowledge.

2.  During the course of discovery, Ms. Briones was subpoenaed on multiple separate occasions; however, she failed to appear at any of the properly noticed depositions. Based on her prior actions, Defendants believe it likely that Ms. Briones will also fail to honor her trial subpoena in this case. If, in fact, that occurs, Defendants will seek to introduce the portions of the videotaped statement Ms. Briones gave to law enforcement described above.

3.  Prior to bringing this motion, Defendants attempted to meet and confer regarding the issues presented herein as required by Local Rule 7-3. However, these attempts were unsuccessful, thereby making this motion necessary.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 19th day of June, 2024, at Chula Vista, California.

*/s/ Scott Wm. Davenport*
_____
Scott Wm. Davenport,
Declarant