**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**RODRIGUEZ APODACA LAW FIRM, LLP**
Richard A. Apodaca (SBN 292294)
richarda@ralawllp.com
Elissa K. Buenrostro (SBN 303299)
elyb@ralawllp.com
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Tel: (909) 944-3777 | Fax: (909) 944-5777

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF ONTARIO; and ALBERT ALVARADO,<br><br>  Defendants. | Case No. 5:23-cv-00266-SSS-KK<br>[*Honorable Sunshine S. Sykes*]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* No. 1 TO EXCLUDE INFORMATION UNKNOWN**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**Hearing on Motions *in Limine***:<br>July 26, 2024 at 02:00 p.m.<br>**Final Pretrial Conference**:<br>August 2, 2024 at 02:00 p.m.<br>**Jury Trial**<br>August 19, 2024 at 08:30 a.m.<br>Ctrm: 2<br>3470 Twelfth Street,<br>Riverside, California 92501 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiffs FRANK BENAVENTE and NICOLE VENTRESS hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to any **information unknown to Defendant Alvarado** at the time of his use of deadly force, including:

a) <u>Drug, tobacco, or alcohol use or possession</u> by decedent or Plaintiffs at any time, including on the date of the shooting, prior to the date of the shooting, and after the death of their son, including assumptions of past drug use based on behavior and speech patterns; whether Plaintiffs had ever been around any unrelated persons using drugs; and the post-incident toxicology results.

b) <u>Criminal history</u> of decedent and Plaintiffs, including prior arrests; prior convictions; prior and post-incidence charges filed not resulting in conviction; any other contacts with law enforcement; or any times in custody or incarcerated.

c) Any other <u>wrongs or "bad acts"</u> character evidence of decedent or Plaintiffs.

d) <u>After-acquired investigatory reports, interviews, and information</u> obtained by officers with the Ontario Police Department after the incident, that was not known to Alvarado at the time of his use of excessive and unreasonable force, including hearsay reports and statements, including statements of Ms. Briones and Ms. Ventress.

Plaintiffs will suffer specific prejudice if this Motion *in Limine* is not granted because admission of the above information was undisputedly unknown to Defendant Alvarado at the time of the incident. Despite it admittedly being information unknown, Defendants intend to use this information at trial as "corroborating evidence" – in other words, to unfairly bolster testimony with

1  inadmissible evidence. The above categories of information are irrelevant to liability
2  and damages (and if only arguably relevant to damages Defendants still seeks to
3  admit the information along with liability) or have such minimal probative value
4  that there is a substantial risk of confusing the jury; presentation of cumulative
5  evidence; unnecessarily consuming time and misleading the jury in their task of
6  determining whether Defendant Alvarado is liable; and importantly, includes
7  impermissible character evidence and hearsay without exception. Plaintiffs make
8  this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801,
9  802, 805 and the prohibition of hindsight evidence in the reasonableness analysis of
10 use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864,
11 873 (9th Cir. 2011).
12      Plaintiffs base this motion on this Notice of Motion and Motion, the attached
13 Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in
14 Support of Plaintiffs' Motions *in Limine* Nos. 1-5 and Exhibits attached thereto,
15 Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and
16 all other pleadings and papers on file with this Honorable Court.
17
18      Contained herein includes citation to the July 28, 2023, Deposition of
19 Defendant Albert Alvarado, attached to the Declaration of Marcel F. Sincich at ¶9 as
20 Exhibit A, which is referred to below as "Alvarado Depo."
21
22      **Statement of Local Rule 7-3 Compliance and pursuant to this Court's**
23 **Civil Standing Order (Doc. 10 at 11:8-12:6)**: This motion is made following a
24 conference of counsel pursuant to L.R. 7-3 which took place on Friday June 14,
25 2024, starting at 2:00 p.m., during which a partial resolution was reached as
26 described below, but no resolution was reached regarding the subject information of
27 the present Motion. Present at the conference were Marcel F. Sincich for the
28 Plaintiffs and James Touchstone for the Defendants. The conference took place over

Zoom and lasted a total of approximately two hours, of which 28 minutes this Motion was discussed. During the conference, the parties discussed the following:

- Whether Defendants intend to illicit testimony, admit exhibits, or include in argument information unknown to Defendant Alvarado, generally and including each of the topics and subtopics listed above.
- What relevance Defendants believe information unknown to Defendant Alvarado, generally and including each of the topics and subtopics listed above, has on the issue of liability.
- What relevance Defendants believe information unknown to Defendant Alvarado, generally and including each of the topics and subtopics listed above, has on the issue of damages.

During the conference the parties reached an agreement as to the following items of evidence at trial, and therefore will not be included in the present Motion (which otherwise would have been), to exclude such information. The parties have agreed that there shall be no evidence, testimony, argument, or reference at trial to any of the following information unknown to Defendant Alvarado at the time of his use of deadly force, including:

a. Plaintiffs' drug and alcohol history, if any, expect as to foundational issues concerning decedent's use and any potential damage to parental-child relationship.

b. Decedent's criminal history, if any, *except* if it were within 10 years of the incident, a felony, and decedent was an adult at the time of the conviction.

c. Any findings or conclusions by the District Attorney's Office as to whether to press criminal charges against Defendant Alvarado and the basis for that decision.

d. Any findings or conclusions by the City of Ontario/Ontario Police Department as to whether the force was reasonable, proportionate, or

    within policy, unless offered during for the limited purpose of *Monell* liability, if applicable.

  e. Any inference of gang activity or membership.

  f. The reason(s) for being placed in foster care/group home.

  g. Any juvenile crimes, wrongs, or bad acts, including conduct in school (e.g., "acting up"), and conduct in foster care and/or the group home as a child, including running away.

  h. Plaintiffs' divorce from each other and the reason(s) for it.

  i. Any prior medical history, diagnosis, conditions, or medications, except as relevant to damages regarding the state of the child-parent relationship.

(Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶¶2, 3, 8.)

Respectfully submitted,

Dated: June 21, 2024,  **LAW OFFICE OF DALE K. GALIPO**
          **RODRIGUEZ APODACA LAW FIRM, LLP**

          By _____/s/_____*Marcel F. Sincich*_____
          Dale K. Galipo
          Marcel F. Sincich
          *Attorneys for Plaintiffs*, FRANK BENAVENTE and NICOLE VENTRESS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a §1983 civil rights and state tort case arising from the use of excessive and unreasonable force against decedent Joseph Benavente by City of Ontario Police Department ("OPD") Corporal Albert Alvarado. By this Motion *in Limine*, Plaintiffs move to exclude from testimony, exhibits, and argument at trial any information unknown to Alvarado at the time of his use of excessive force against Benavente, including: **(A)** Drug, tobacco, or alcohol use or possession at any time, including on the date of the shooting, and the post-incident toxicology results, and the post-incident toxicology results; **(B)** Criminal history, including: prior arrests; prior convictions, prior and post-incidence charges filed not resulting in conviction, any contacts with law enforcement, and any times in custody or incarcerated; **(C)** Any other <u>wrongs or "bad acts"</u> character evidence; and **(D)** after-acquired investigatory reports, interview, statements, and information that was not known to Alvarado at the time of his excessive use of deadly force, including hearsay reports and statements by Ms. Briones (the passenger in the vehicle with Benavente), and Plaintiff Ms. Ventress (who was on the phone with Benavente).

The central issue in this case is whether the deadly force used against Benavente by Alvarado was excessive. The analysis is limited to information known to Alvarado at the time the force was used. Defendants' attempt to use unknown information is a distraction to the jury intended to inflame the passions of the jury and should be excluded. Plaintiffs anticipate Defendants will claim that Benavente's unknown drug use corroborates Defendants' speculative theory that people on drugs do violent things in their attempt to show that Benavente did acts of violence during the incident; and Defendants will attempt to argue that Benavente's criminal history somehow shows his intent or lack of mistake. Both theories require leaps in logic and serve as nothing more than a back door to prejudice Benavente in an attempt to make this a trial of his character instead of Alvarado's actions. The law is clear; Defendants

are not permitted to use after-acquired information to bolster their case.

It is undisputed: Alvarado knew nothing about decedent's or Plaintiffs' drug or alcohol history and certainly did not know the post-mortem toxicology results; Alvarado knew nothing about decedent's or Plaintiffs' criminal history, including prior arrest, convictions, charges, contacts, or incarcerations; Alvarado knew nothing of decedent's or Plaintiffs' prior wrongs or bad act; and Alvarado clearly did not have the post-incident investigation reports, interviews or information available to him when he choose to use deadly force against a man in a stopped car with no one in the path of the car. It is well-settled that information unknown is not relevant to the analysis and should be excluded.

Defendants' evidence is hearsay, speculative, irrelevant, unduly prejudicial, and impermissible character evidence designed to taint the jury's perspective of Plaintiffs and decedent, distract them from their true task and deprive Plaintiffs of a fair trial. Thus, Plaintiffs respectfully request the Court issue an order excluding information unknown to Alvarado at the time of his use of deadly force from this trial.

## II. INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both law enforcement officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983).

After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011). In *Glenn*, unknown to the shooting officer at the time of the incident, a witness told a 911 operator that the suspect "was threatening to kill everybody" and might "run at the cops with a knife." *Id*. Rejecting the "suggestion that…these statements provide uncontroverted evidence demonstrat[ing] that the officers' safety concerns were not at odds with information provided to law enforcement," the Ninth Circuit reiterated, "**[w]e cannot consider evidence of which the officers were unaware**…" *Id.* at 873, n.8, citing *Graham*, 490 U.S. at 396 (emphasis added). Accordingly, juries are instructed that they "must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene" at the time of the use of force "and not with the 20/20 vision of hindsight." *Id.*; Ninth Circuit Model Jury Inst. 9.25.

Considering how the jury will be instructed and given the great weight of authority on this issue, permitting the jury to learn about facts and circumstances that Alvarado was not confronted with or that was otherwise unknown to him at the time he used deadly force against Benavente would be highly improper. Evidence unknown to Alvarado at the time of his excessive use of deadly force—including any evidence of **(A)** Drug, tobacco, or alcohol use or possession by decedent and Plaintiffs at any time, including on the date of the shooting, and the post-incident toxicology results, and the post-incident toxicology results; **(B)** Criminal history of decedent and Plaintiffs, including: prior arrests; prior convictions, prior and post-incidence charges filed not resulting in conviction, any contacts with law enforcement, and any times in custody or incarcerated; **(C)** Any other <u>wrongs or "bad acts"</u> character evidence of decedent and Plaintiffs; and **(D)** After-acquired investigatory reports, interview, statements, and information that was not known to Alvarado at the time of his use of excessive and unreasonable force, including hearsay reports and statements by Ms. Briones (the passenger in the vehicle with Benavente), and Plaintiff Ms. Ventress (who was on the phone with Benavente)—are irrelevant and inadmissible because it

was not part of the "totality of the circumstances" facing Alvarado at the time of his use of deadly force. *See Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"—even though the facts of the incident were profoundly disputed); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) (excluding evidence of marijuana because it was not known by defendants).

Here, the only information Alvarado knew was from his own observations during the incident. Pre-incident conduct and post-incident hindsight evidence that was unknown to Alvarado are obviously irrelevant to liability in this matter.

"Q. In other words, did you have any information that the occupant of the vehicle had committed a serious crime?
A. No." (Exh. A, Alvarado Depo at 31:13-15.)
"Q. Up to that time, did you know the name of the driver?
A. No.
Q. Did you have any information, for example, he had a criminal history?
A. No.
Q. Any specific information he was under the influence of drugs or alcohol?
A. No." (Exh. A, Alvarado Depo at 34:17-25.)

Alvarado had no information about Benavente's personal or family history, no information about whether Benavente had ever been violent with any person in the past and did not know everything about Benavente's criminal history or prior police contacts, no information about drugs or alcohol, because Alvarado did not even know Benavente's name. Alvarado obviously did not have any information from post-incident interviews, reports, or investigative findings including the toxicology report and statements of Ms. Briones or Ms. Ventress. Despite being clearly irrelevant, by opposing this Motion, it is clear that Alvarado intends to offer into evidence

information he did know to implicate Benavente as a bad character and attempt to justify his unreasonable use of deadly force. Information unknown did not play in the totality of circumstances confronting Alvarado when he used deadly force. Therefore, the information unknown to Alvarado at the time of his use of excessive deadly force should be excluded as impermissible hindsight evidence.

### III. THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE

Under Rule 404, the foregoing items of evidence Plaintiffs seek to exclude cannot be used to prove that Benavente acted in some general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). <u>Character is not an essential element to this matter</u>. For example, testimony or evidence from information gathered after the incident relating to any unknown history or other crimes, wrongs, or acts, or investigative findings—poses a danger that the jury will (1) improperly infer that Alvarado knew this information, (2) improperly infer that Benavente had the propensity to act violently towards Alvarado, and (3) will reach a verdict that does not reflect the circumstances facing Alvarado at the time.

Defendants intend to use information unknown as evidence of a propensity for violence. "Corroborating" is "Propensity" evidence. The above referenced material cannot be used to show Benavente's character or that he acted in conformity therewith. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) (excluding "any circumstantial evidence that requires an inference of a person's character to make it relevant"). Admission of the information unknown, including as listed herein,

would be nothing more than a backdoor attempt to tarnish Benavente's character and pollute the jury against him. Any argument that this evidence is admissible under Rule 404(b)(2) or 406 is inconceivable. Still, the above-mentioned specific instances of conduct are not a permitted method of proving character. Rule 405 (Adv. Comm. Notes, stating specific instances of conduct "possess the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time). Thus, this impermissible character evidence should be excluded.

## IV.   THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL

Information unknown should be excluded under Rule 403 because any probative value it may have, is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, waste of time, and needlessly presenting cumulative evidence. "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the [decedent]...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the [decedent's] culpability or status as a presumed drug dealer justify the Defendant's use of force against him."); *Wisler*, 2008 WL 2954179, at *5; *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008). The information and witnesses Defendants intend to introduce as indicated herein have minimal if any probative value at all. Yet Defendants seek to repeatedly introduce prejudicial information unknown to Alvarado. Defendants must not be permitted to needlessly present witnesses and documents all to repeat the same or similar information that Alvarado cannot even testify to based on his own personal knowledge at the time. The jury should not be misled to believe that Benavente's past conduct is at issue—the jury

should properly remain focused on Alvarado' conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police).

Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Any testimony offered by the defense regarding unrelated crimes, drug use, bad acts, or statements about Benavente's state of mind, will lack foundation and call for speculation. Fed. R. Evid. 602. Plaintiffs' concern is that Defendants will attempt to take every opportunity to insert the dangerous propensity of the methamphetamine user, or the dangerous propensities of the person with a criminal history, having nothing to do with this incident and unknown to Alvarado, into as many witnesses' testimony as possible to inflame the passions of the jury against Plaintiffs, depriving them of a fair trial. "[E]ven a murderer has a right to be free from [civil rights violations] and the correlative right to present his claim[s] of [violations] to a jury that has not been whipped into a frenzy of hatred." *Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993). Evidence of drugs and bad acts can only serve to unjustly inflame a jury's passions and prejudices against Plaintiffs. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016); *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* in an excessive force case to exclude drug paraphernalia officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *cf. Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir. 1986) (affirming exclusion of excessive force decedent's mental health history, even though officers knew about his past suicide attempt and mental illness history and argued it justified their actions in subduing him, because of danger jury would conclude subduing was reasonable based on status rather than

conduct at the time); *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry.... Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff."). This inflammatory evidence is likely to mislead or confuse the jury into reaching a verdict that reflects its consideration of unrelated crimes, wrongs, bad acts and post-incident investigatory hindsight evidence, as a reason justifying the unreasonable use of deadly force or limiting Plaintiffs' damages on an improper basis.

The following inflammatory evidence was not known by Alvarado; thus, its probative value is minimal if there is any at all, and substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence (Fed. R. Evid. 403): **(A)** Drug, tobacco, or alcohol use or possession by decedent and Plaintiffs at any time, including on the date of the shooting, and the post-incident toxicology results, and the post-incident toxicology results; **(B)** Criminal history of decedent and Plaintiffs, including: prior arrests; prior convictions, prior and post-incidence charges filed not resulting in conviction, any contacts with law enforcement, and any times in custody or incarcerated; **(C)** Any other wrongs or "bad acts" character evidence of decedent or Plaintiffs; and **(D)** After-acquired investigatory reports, interview, statements, and information that was not known to Alvarado at the time of his use of excessive and unreasonable force, including hearsay reports and statements by Ms. Briones (the passenger in the vehicle with Benavente), and Plaintiff Ms. Ventress (who was on the phone with Benavente).

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the

jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Alvarado used excessive deadly force against Benavente by shooting him in a stopped car. Refuting the inferences of violence, drugs, and bad character, that Defendants intend to raise despite being unknown, will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiffs of a fair trial. *Blancha*, 972 F.2d at 516. Trying several mini trials to rebut Defendants' character evidence, Plaintiffs will be forced to call several witnesses to show his true character and rehabilitate the jurors view of him taking potentially days to conduct. As a result, it will unduly consume this Court's and the jury's time and resources. Accordingly, Plaintiffs respectfully request that the Court also exclude evidence, reference, and argument regarding information unknown under Rule 403.

## V. THIS EVIDENCE IS INADMISSIBLE HEARSAY

Finally, the Court should exclude the identified testimony, recordings and reports as having multiple layers of hearsay without any exception under Federal Rule of Evidence 801, 802, and 805. Given that this present Motion pertains to information unknown to Alvarado, Alvarado cannot testify to this information based on personal knowledge. Fed. R. Evid. 602. Thus, to the extent that the information Defendants intend to introduce would be through admission of hearsay statements and documents, it should also be excluded. Investigative documents from OPD officer reports, toxicology reports, Benavente's criminal history, and statements of Benavente's alleged statements were all made from out of this court, and Defendant impermissibly intends to offer them for the truth of the matter asserted, and the to speculate the meaning of the statements to infer something nefarious.

/ / /

/ / /

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order excluding any evidence, witness, or argument at trial to the above categories of information that was unknown to Defendant Alvarado at the time of his use of deadly force.

Respectfully submitted,

Dated: June 21, 2024,                LAW OFFICE OF DALE K. GALIPO
                                     RODRIGUEZ APODACA LAW FIRM, LLP


                                     By _____/s/_____Marcel F. Sincich_____
                                         Dale K. Galipo
                                         Marcel F. Sincich
                                         *Attorneys for Plaintiffs*, FRANK BENAVENTE
                                         and NICOLE VENTRESS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs certify that this brief contains 3,142 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: June 21, 2024,             **LAW OFFICE OF DALE K. GALIPO**
                                  **RODRIGUEZ APODACA LAW FIRM, LLP**


                                  By _____/s/_____Marcel F. Sincich_____
                                     Dale K. Galipo
                                     Marcel F. Sincich
                                     *Attorneys for Plaintiffs*, FRANK BENAVENTE
                                     and NICOLE VENTRESS