**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF ONTARIO; and ALBERT ALVARADO,<br><br>　　　　　　　Defendants. | Case No. 5:23-cv-00266-SSS-KK<br>[*Honorable Sunshine S. Sykes*]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* No. 1 TO EXCLUDE INFORMATION UNKNOWN**<br><br>**Hearing on Motions *in Limine*:**<br>July 26, 2024 at 02:00 p.m.<br>**Final Pretrial Conference**:<br>August 2, 2024 at 02:00 p.m.<br>**Jury Trial**<br>August 19, 2024 at 08:30 a.m.<br>Ctrm: 2<br>3470 Twelfth Street,<br>Riverside, California 92501 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiffs' Motion *in Limine* No. 1 to Exclude Information Unknown, and GOOD CAUSE appearing therein, Plaintiffs' Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, or reference at trial any information unknown to Defendant Alvarado at the time of his uses of deadly force, including:

a) <u>Drug, tobacco, or alcohol use or possession</u> by decedent and Plaintiffs at any time, including on the date of the shooting, prior to the date of the shooting, and after the death of their son, including assumptions of past drug use based on behavior and speech patterns; whether Plaintiffs had ever been around any unrelated persons using drugs; and the post-incident toxicology results.

b) <u>Criminal history</u> of decedent and Plaintiffs, including prior arrests; prior convictions; prior and post-incidence charges filed not resulting in conviction; any other contacts with law enforcement; or any times in custody or incarcerated.

c) Any other <u>wrongs or "bad acts"</u> character evidence of decedent or Plaintiffs.

d) <u>After-acquired investigatory reports, interviews, and information</u> obtained by officers with the Ontario Police Department after the incident, that was not known to Alvarado at the time of his use of excessive and unreasonable force, including hearsay reports and statements, including statements of Ms. Briones and Ms. Ventress.

The Court further recognizes the parties' agreement to exclude additional information unknown. Thus, the following is included in the list of information excluded from trial:

e) Plaintiffs' drug and alcohol history.

f) Decedent's drug or alcohol history, if any, prior to and unrelated to the date of the incident.

g) Any information related to any drug rehabilitation program.

h) Plaintiffs' criminal history or incarceration/custody, if any.

i) Decedent's criminal history, if any, *except* if it were within 10 years of the incident, a felony, and decedent was an adult at the time of the conviction.

j) Any findings or conclusions by the District Attorney's Office as to whether to press criminal charges against Defendant Alvarado and the basis for that decision.

k) Any findings or conclusions by the City of Ontario/Ontario Police Department as to whether the force was reasonable, proportionate, or within policy, unless offered during for the limited purpose of *Monell* liability, if applicable.

l) Any inference of gang activity or membership.

m) The reason(s) for being placed in foster care/group home.

n) Any juvenile crimes, wrongs, or bad acts, including conduct in school (e.g., "acting up"), and conduct in foster care and/or the group home as a child, including running away.

o) Plaintiffs' divorce from each other and the reason(s) for it.

p) Any prior medical history, diagnosis, conditions, or medications, except as relevant to damages regarding the state of the child-parent relationship.

The basis for this order is that this and any other information unknown to Defendant Alvarado at the time of his use of deadly force is irrelevant to the analysis as impermissible hindsight evidence; any probative value it may have is substnatially outweighed by the substnatial risk of unfair prejudice, confusing the

issues, wasting time, and misleading the jury; this information constitutes improper character evidence and inadmissible hearsay. Federal Rules of Evidence, Rules 401, 403, 404, 801; *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

**IT IS SO ORDERED.**

DATED:_____                    _____

                                Honorable Sunshine S. Sykes
                                United States District Judge