**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**RODRIGUEZ APODACA LAW FIRM, LLP**
Richard A. Apodaca (SBN 292294)
richarda@ralawllp.com
Elissa K. Buenrostro (SBN 303299)
elyb@ralawllp.com
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Tel: (909) 944-3777 | Fax: (909) 944-5777
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FRANK BENAVENTE; and NICOLE VENTRESS,

Plaintiffs,

v.

CITY OF ONTARIO; and ALBERT ALVARADO,

Defendants.

Case No. 5:23-cv-00266-SSS-KK
[*Honorable Sunshine S. Sykes*]

**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* No. 2 TO EXCLUDE SPECULATIVE AND PREJUDICIAL INFORMATION**

[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]

**Hearing on Motions *in Limine***:
July 26, 2024 at 02:00 p.m.
**Final Pretrial Conference**:
August 2, 2024 at 02:00 p.m.
**Jury Trial**
August 19, 2024 at 08:30 a.m.
Ctrm: 2
3470 Twelfth Street,
Riverside, California 92501

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiffs FRANK BENAVENTE and NICOLE VENTRESS hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to information unknown regarding speculative and prejudicial information, including the following:

a) Plaintiffs' family history including their loss of physical custody of Benavente as a minor; including the involvement and contacts with Child Protective Services or Social Services; Benavente's subsequent placement in foster care and/or group home – which was all undisputedly information unknown to Defendant Alvarado and irrelevant to liability; has no bearing on Benavente's damages for his loss of life and pre-death pain and suffering; and any probative value it has to the parent-child relationship is outweighed by the risk of unfair prejudice, unnecessary consumption of time, and confusing the issues, and improper character evidence.

b) Any prior medical history, diagnosis, conditions, or medications – which was all undisputedly information unknown to Defendant Alvarado and irrelevant to liability; has no bearing on Benavente's damages for his loss of life and pre-death pain and suffering; and have no probative value related to the parent-child relationship, which is nevertheless outweighed by the risk of unfair prejudice, unnecessary consumption of time, and confusing the issues, and improper character evidence.

c) Plaintiffs' incarceration/custody history including when Benavente was a minor – which was all undisputedly information unknown to Defendant Alvarado and irrelevant to liability; has no bearing on Benavente's damages for his loss of life and pre-death pain and suffering; and any probative value it has to the parent-child relationship is outweighed by the risk of unfair prejudice, unnecessary consumption of time, and confusing the issues, and improper character evidence.

d) Any speculative statements without foundation including Benavente *possibly* setting up an ambush, *possibly* having a gun, *possibly* reaching for a gun (not at the time of the shots, but sometime earlier during the vehicle pursuit portion of the incident), given that there is absolutely no evidence that Benavente was setting up an ambush, absolutely no evidence that Benavente was in possession of a gun, and absolutely no evidence that Benavente was specifically reaching for a gun at some earlier time in the incident.

e) Any guesswork and speculative statements predicting the future about another person's conduct or some uncontrolled condition regarding what would have occurred if circumstances differed (e.g., if ____ did not happen, then _____ would have happened), including: Alvarado would be in the hospital if he did not use deadly force; if Alvarado moved "[i]t would have caused [] even more serious injury or even death"; Benavente would have continued to flee if Alvarado did not use deadly force; Benavente would have been a substantial risk to the public if Alvarado did not use deadly force – any such statements are speculative, unfairly prejudicial, and a produce of improper opinion.

Plaintiffs will suffer specific and extreme prejudice if this Motion *in Limine* is not granted because admission of the above information was unknown to Defendant Alvarado at the time of the incident and/or irrelevant; or has such minimal probative value it substantial risks unfair prejudice, confusing the jury, presentation of cumulative evidence, unnecessarily consuming time and misleading the jury in their task of determining whether the Defendant Alvarado is liable and the nature and extent of damages in this matter; and importantly, includes impermissible character evidence. Plaintiffs make this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 701, 702 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases pursuant to *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiffs base this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiffs' Motions *in Limine* Nos. 1-5 and Exhibits attached thereto, Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

Contained herein includes citation to the July 28, 2023, Deposition of Defendant Albert Alvarado, attached to the Declaration of Marcel F. Sincich at ¶9 as Exhibit A, which is referred to below as "Alvarado Depo."

**Statement of Local Rule 7-3 Compliance and pursuant to this Court's Civil Standing Order (Doc. 10 at 11:8-12:6)**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on Friday June 14, 2024, starting at 2:00 p.m., during which no resolution was reached regarding the subject information of the present Motion. Present at the conference were Marcel F. Sincich for the Plaintiffs and James Touchstone for the Defendants. The conference took place over Zoom and lasted a total of approximately two hours, of which approximately 12 minutes the content of this Motion was discussed. During the conference, Plaintiffs' counsel discussed the following:

- Whether Defendants intend to illicit testimony, admit exhibits, or include in argument information unknown to Defendant Alvarado, generally and including each of the topics and subtopics listed above.
- What relevance of each topic listed above as to liability.
- What relevance of each topics listed above as to damages.
- The speculative nature and lack of support for introducing topics listed.
- During the conference the parties reached an agreement that family history including their loss of physical custody of Benavente as a minor; the involvement and contacts with Child Protective Services or

Social Services; and Benavente's subsequent placement in foster care and/or group home are not relevant to liability. Defendants contend that this information is only relevant to damages.

- During the conference the parties reached an agreement that prior medical history, diagnosis, conditions, or medications are not relevant to liability. Defendants contend that this information is relevant only as it may relate to damages.
- During the conference the parties reached an agreement that incarceration/custody history are not relevant to liability. Defendants contend that this information is relevant only as it may relate to damages.
- Defendants would also oppose any bifurcation of liability and damages.
- During the conference, Defendants initially agreed to exclude statements of what "would have occurred" with the distinction of allowing what "could have occurred." However, in the process of developing a stipulation regarding the agreements made, upon further reflection/consultation with the Defense team, Defendants withdrew their agreement as to this anticipated testimony.

(Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶¶2, 4.)

Respectfully submitted,

Dated: June 21, 2024,

**LAW OFFICE OF DALE K. GALIPO**
**RODRIGUEZ APODACA LAW FIRM, LLP**

By *\/s/ Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*, FRANK BENAVENTE and NICOLE VENTRESS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This is a §1983 civil rights and state tort case arising from the excessive use of deadly force against decedent Joseph Benavente by City of Ontario Police Department ("OPD") Corporal Albert Alvarado. By this Motion *in Limine*, Plaintiffs moves to exclude from testimony, exhibits, and argument at trial regarding information that is obviously not relevant to liability, testimony based on speculation or improper opinion, and information that is not relevant to Benavente's damages. Defendants would oppose any bifurcation of liability and damages. Thus, admission of information that may only have limited probative value to Plaintiffs damages would be substantially outweighed by the risk of unfair prejudice, confusing the issues, wasting time, and is impermissible character evidence.

It is undisputed that this evidence of (A) Family history including loss of physical custody of Benavente as a minor; contacts with Child Protective Services; Benavente's placement in foster care and/or group home; (B) Any prior medical history, diagnosis, conditions, or medications; and (C) Any incarceration/custody history is irrelevant and inadmissible regarding liability. Further, there are three primary categories of damages that the jury will decide: (1) Benavente's damages including the nature and extent of his injures, his loss of life, and pre-death pain and suffering; (2) Plaintiffs' damages including for their loss of financial support, gifts or benefits, funeral and burial expenses, household services, loss of decedent's training and guidance, and loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and (3) Punitive damages against Defendant Alvarado. It is also undisputed that the above information is irrelevant to Benavente's damages and as to punitive damages. Thus, Defendants will argue that the information goes to the strength of the parent/child relationship. However, the strength of the relationship as a minor has minimal irrelevance here. Decedent was 23 years old at the time of his death. Any temporary displacement of decedent as a minor

as opposed to the life-long loss Plaintiffs suffer, will only serve as forcing a mini trial within a trial to explain the complex history of their familial circumstances.

Further, any speculative testimony about what was possibly going to happen, without any factual support, and any speculative testimony about what another person's conduct or uncontrolled condition would have occurred in other circumstances, would be extremely and unfairly prejudicial, a produce improper opinion, and an attempt to introduce impermissible character evidence designed to taint the jury's perspective of Plaintiffs and Benavente and deprive Plaintiffs of a fair trial. Thus, for the following reasons, Plaintiffs respectfully request the Court issue an order excluding the above reference information.

## II. IRRELEVANT INFORMATION IS PROHIBITED

As stated in Plaintiffs' Motion in Liminal No. 1, information unknown to Defendant Alvarado should be excluded from trial as irrelevant. Fed. R. Evid. 401, 402; *see Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 26 (1985); *United States v. Place*, 462 U.S. 696, 703 (1983); *Glenn v. Washington Cnty*., 673 F.3d 864, 873 (9th Cir. 2011).

Defendant Alvarado had no information at the time of his use of deadly force related to (A) Family history including loss of physical custody of Benavente as a minor; contacts with Child Protective Services; Benavente's placement in foster care and/or group home; (B) Any prior medical history, diagnosis, conditions, or medications; and (C) Any incarceration/custody history is irrelevant and inadmissible regarding liability. This information is clearly inadmissible as to liability because it has no tendency to make a liability fact any more or less probable. Fed. R. Evid. 401.

The probative value of information related to Child Protective Services and Benavente's placement in foster care and unrelated medical history is even less because documentation related to this occurrence is privileged and disclosure of related information is restricted. Fed. R. Evid. 501; Cal. Welf. & Inst. Code §§827, 10850; 42 U.S.C. § 671(a)(8); 42 U.S.C. § 5106a(b)(2)(B)(viii); *T.N.G. v. Superior*

*Court*, 4 Cal.3d 767, 780-781 (1971); *In re Elijah S.*, 24 Cal.Rptr.3d 16, 23-24, 30 (2005); Health Insurance Portability and Accountability Act (HIPAA); 42 C.F.R. §§2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2.

**III. THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE**

Under Rule 404, any evidence of (A) Family history including loss of physical custody of Benavente as a minor; contacts with Child Protective Services; Benavente's placement in foster care and/or group home; (B) Any prior medical history, diagnosis, conditions, or medications; and (C) Any incarceration/custody history is irrelevant and inadmissible regarding liability cannot be used to prove that Benavente did or would have acted in some general "bad character" either during the incident or if the incident had not occurred. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." *See also Palmerin*, 794 F.2d at 1414 ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant...."). Further, character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Thus, impermissible character evidence should be excluded.

**IV. THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL**

Even if family history during Benavente's childhood, unrelated medical history, or incarcerations has any probative value as to Plaintiffs' damages, its use has a strong potential for unfair prejudice. Accordingly, this evidence should be excluded under Federal Rules of Evidence 403, requiring exclusion "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). Plaintiffs contend that a mini trial regarding what occurred over fifteen years ago, including interaction with Child Protective Services and Benavente's placement in foster care and a group home, will risk such an emotional response in the jury that it deprives Plaintiffs of a fair trial.

Further, any testimony that Benavente was *possibly* setting up an ambush, *possibly* had a gun, or *possibly* reaching for a gun is speculative, lacks foundation, a produce of irrational subjective fear, and comes with it an extreme danger of unfair prejudice and misleading the jury. Regarding a possible ambush, each time it was mentioned at deposition, Alvarado was referring to the time the car stopped on the bridge over the 10 Freeway, not on Beverly where the shooting occurred. (Exh, A, Alvarado Depo at 34:2-6, 35:10-14, 35:19-21.) Second, the only thing Benavente did that prompted Alvarado's irrational subjective fear was "pull over to the right side of the road." (*Id.* at 34:2-3.) There is absolutely no evidence that Alvarado was confronted with a potential ambush here.

Regarding possibly having a gun and possibly reaching for a gun, the lack of evidence is the same. First, it is undisputed that Benavente never reached for a gun and Benavente did not have a gun. There is absolutely no evidence that anyone saw a gun or even anything that looked like a gun. Second, the "possible" reaching is not in reference to the time of Alvarado's use of deadly force, but sometime earlier during the vehicle pursuit portion of the incident. To be clear, Alvarado never saw Benavente reaching for anything. Alvarado's merely concluded that because Benavente drove away from officers and that he saw the car moving, which he described as "fidgeting," Alvarado "believe[d] that he could have been reaching for a weapon, he

could have been trying to discard evidence." (Exh, A, Alvarado Depo at 32:21-33:10.) Alvarado admits he does not know what Benavente was doing in the car during the pursuit, that it could be trying discard evidence not reaching for a gun that he does not even have. Alvarado's attempt to prejudice the jury against Benavente by statements of his subjective fears without any foundation is inadmissible. *See Deorle, v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001) ("a simple statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern.")

Defendants should not be permitted to make this trial about what possibly could have been the circumstances Alvarado was confronted with instead of focusing on the actual circumstances Alvarado was confronted with. Nowhere in Alvarado's testimony does he state that he shot and killed Benavente because he thought Benavente was reaching for a gun. Testimony about a gun or reaching for a non-existent gun would only mislead the jury, confuse the issues, and unfairly prejudice Plaintiffs. Testimony about ambushes, gun possession and reaching for a gun can only serve to unjustly inflame a jury's passions and prejudices against Benavente and Plaintiffs. It has no probative value as to why Alvarado used deadly force in this matter and has an obvious potential for being extraordinarily prejudicial. Allowing this or similar testimony opens the door to Defendants arguing any type of unrelated "possibility" to impute that characteristic on Benavente. The danger that the jury will be distracted by issues unrelated to the actual circumstances of this case regarding a universal fear of a violent criminal, reaching for a gun and setting up an ambush is far too great. Thus, it should be excluded under Rules 403 and 404.

Finally, any guesswork and speculative statements predicting the future about another person's conduct or some uncontrolled condition regarding what would have occurred if circumstances differed, including: Alvarado would be in the hospital if he did not use deadly force; if Alvarado moved "[i]t would have caused [] even more serious injury or even death"; Benavente would have continued to flee if Alvarado did

not use deadly force; and Benavente would have been a substantial risk to the public if Alvarado did not use deadly force, are pure speculation, lack foundation, unfairly prejudicial, and a produce of improper opinion. A law witness may not provide an opinion based on speculation, hearsay, interpretation of unambiguous statements. *United States v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015); Fed. R. Evid. 602, 701. An expert may not provide an opinion without specialized knowledge. *Id.* at 1155; Fed. R. Evid. 702; *Garcia v. Vitus Energy, LLC*, 605 F. Supp. 3d 1179, 1184 (D. Alaska 2022) (excluding "opinions [that] are impermissibly based on 'subjective belief or unsupported speculation.').

The jury should not be misled to believe that what was possibly the circumstances were the actual circumstances here or mislead to believe Defendants knew what would have happened if the circumstances were different—the jury should properly remain focused on Alvarado's conduct and the actual circumstances he was presented with. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police). Defendants have no qualified witness that can establish what would have happened in the future if circumstances were different.

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992). The central factual dispute in this case is whether Alvarado used excessive deadly force against by shooting Benavente in a stopped car with no one in the path. Refuting the inferences about what possibly could have happened—yet never did—or predictions of what would have happened as though Defendants could predict the future, will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiffs of a fair trial. *Blancha*, 972 F.2d

at 516. Accordingly, Plaintiffs respectfully request that the Court also exclude evidence, reference, and argument regarding prejudicial family history, medical history, incarceration history, speculative statements about what may have been possible, and speculative statements about what would have occurred under Rule 403.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an order excluding any evidence, witness, or argument at trial as to (A) Family history including loss of physical custody of Benavente as a minor; contacts with Child Protective Services; Benavente's placement in foster care and/or group home; (B) Any prior medical history, diagnosis, conditions, or medications; (C) Any incarceration/custody history is irrelevant and inadmissible regarding liability; (D) Any speculative testimony about what was possibly going to happen that ever happened; and (E) Any speculative testimony about what would have happened if circumstances were different.

Respectfully submitted,

Dated: June 21, 2024,

**LAW OFFICE OF DALE K. GALIPO**
**RODRIGUEZ APODACA LAW FIRM, LLP**

By *　/s/　Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*, FRANK BENAVENTE and NICOLE VENTRESS

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs certify that this brief contains 2,213 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: June 21, 2024, **LAW OFFICE OF DALE K. GALIPO**
**RODRIGUEZ APODACA LAW FIRM, LLP**

By *_____/s/_____ Marcel F. Sincich_____*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*, FRANK BENAVENTE and NICOLE VENTRESS