**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>   Plaintiffs,<br><br>   vs.<br><br>CITY OF ONTARIO; and ALBERT ALVARADO,<br><br>   Defendants. | Case No. 5:23-cv-00266-SSS-KK<br>[*Honorable Sunshine S. Sykes*]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* No. 2 TO EXCLUDE SPECULATIVE AND PREJUDICIAL INFORMATION**<br><br>**Hearing on Motions *in Limine*:**<br>July 26, 2024 at 02:00 p.m.<br>**Final Pretrial Conference**:<br>August 2, 2024 at 02:00 p.m.<br>**Jury Trial**<br>August 19, 2024 at 08:30 a.m.<br>Ctrm: 2<br>3470 Twelfth Street,<br>Riverside, California 92501 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiffs' Motion *in Limine* No. 2 to Exclude Speculative and Prejudicial Information, and GOOD CAUSE appearing therein, Plaintiffs' Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, or reference at trial any information related to the following:

a) Plaintiffs' family history including their loss of physical custody of Benavente as a minor; including the involvement and contacts with Child Protective Services or Social Services; Benavente's subsequent placement in foster care and/or group home – which was all undisputedly information unknown to Defendant Alvarado and irrelevant to liability; has no bearing on Benavente's damages for his loss of life and pre-death pain and suffering; and any probative value it has to the parent-child relationship is outweighed by the risk of unfair prejudice, unnecessary consumption of time, and confusing the issues.

b) Any prior and unrelated medical history, diagnosis, conditions, or medications – which was all undisputedly information unknown to Defendant Alvarado and irrelevant to liability; has no bearing on Benavente's damages for his loss of life and pre-death pain and suffering; and have no probative value related to the parent-child relationship, which is nevertheless outweighed by the risk of unfair prejudice, unnecessary consumption of time, and confusing the issues.

c) Plaintiffs' incarceration/custody history including when Benavente was a minor – which was all undisputedly information unknown to Defendant Alvarado and irrelevant to liability; has no bearing on Benavente's damages for his loss of life and pre-death pain and suffering; and any probative value it has to the parent-child relationship is outweighed by the risk of unfair prejudice, unnecessary consumption of time, and confusing the issues.

d) Any speculative statements of possibility without foundation including Benavente *possibly* setting up an ambush, *possibly* having a gun, *possibly* reaching for a gun (not at the time of the shots, but sometime earlier during the vehicle

pursuit portion of the incident), given that there is absolutely no evidence that Benavente was setting up an ambush, absolutely no evidence that Benavente was in possession of a gun, and absolutely no evidence that Benavente was specifically reaching for a gun at some earlier time in the incident.

  e) Any guesswork and speculative statements predicting the future about another person's conduct or some uncontrolled condition regarding what would have occurred if circumstances differed (e.g., if ____ did not happen, then _____ would have happened), including: Alvarado would be in the hospital if he did not use deadly force; if Alvarado moved "[i]t would have caused [] even more serious injury or even death"; Benavente would have continued to flee if Alvarado did not use deadly force; Benavente would have been a substantial risk to the public if Alvarado did not use deadly force – any such statements are speculative, unfairly prejudicial, and a produce of improper opinion.

  The basis for this order is that information specified herein is irrelevant to liability and damages, and/or unknown to Defendant Alvarado; or otherwise any probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, wasting time, and misleading the jury; this information constitutes improper character evidence; would call for speculation; and would be a produce of improper opinion. Federal Rules of Evidence, Rules 401, 403, 404, 602, 701, 702; *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

**IT IS SO ORDERED.**

DATED:_____      _____

                   Honorable Sunshine S. Sykes
                   United States District Judge