**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**RODRIGUEZ APODACA LAW FIRM, LLP**
Richard A. Apodaca (SBN 292294)
richarda@ralawllp.com
Elissa K. Buenrostro (SBN 303299)
elyb@ralawllp.com
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Tel: (909) 944-3777 | Fax: (909) 944-5777

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ONTARIO; and ALBERT ALVARADO,<br><br>Defendants. | Case No. 5:23-cv-00266-SSS-KK<br>[*Honorable Sunshine S. Sykes*]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* No. 3 TO EXCLUDE DEFENSE ANIMATION EXPERT, BRADY HELD**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**Hearing on Motions *in Limine***:<br>July 26, 2024 at 02:00 p.m.<br>**Final Pretrial Conference**:<br>August 2, 2024 at 02:00 p.m.<br>**Jury Trial**<br>August 19, 2024 at 08:30 a.m.<br>Ctrm: 2<br>3470 Twelfth Street,<br>Riverside, California 92501 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs FRANK BENAVENTE and NICOLE VENTRESS hereby move *in limine* for an order excluding entirely Defendants' retained animation and computer graphics expert Brady Held on the following grounds:

1. Defendants failed to produce Mr. Held's forensic 3D animations, as an animation expert, which he was asked to create as the substance of his opinions in this matter. "Scope of Work: Upon retainer on this matter, I was asked to create a forensic 3D animation of an event that took place in Ontario, California." (Exh. C, Held Report at 2.)

2. Any forensic 3D animation, as never being produced, and if later produced would be untimely. "Exhibit Production: As a result of completing the methodology above, I will produce a series of 3D animations from multiple perspectives." (Exh. C, Held Report at 5.) No animation was ever produced.

3. Mr. Held's 5-page Rule 26 "Forensic Animation Report" that did not include an animation, does not include any opinions, and did not include any exhibits as required by Fed. R. Civ. Pro. 26(a)(2)(B).

4. Any exhibits created are based on insufficient facts and data and would be unreliable provided that all of Mr. Held's work is/was/will be based on information received and work produced by "Mick Callahan", which is Michael Callahan, defendants' accident reconstruction expert (subject to Plaintiffs' Motion *in Limine* No. 4 filed concurrently herewith), which includes inaccurate information. (See Exh. C, Held Report at 2-3; see Motion *in Limine* No. 4.)

Plaintiffs make this Motion under Federal Rule of Civil Procedure 26, and Federal Rules of Evidence, Rules 401, 402, 403, 702, 703, and 802.

Plaintiffs base this Motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in

Support of Plaintiffs' Motions *in Limine* Nos. 1-5 and Exhibits attached thereto, Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

Contained herein includes citation to Defendants February 2 2024, Initial Expert Disclosures (Defendants' Expert Disclosures"), attached to the Declaration of Marcel F. Sincich at ¶10 as Exhibit B; the unsigned Rule 26 Report of Brady Held ("Held Report"), attached to the Sincich Decl ¶11 as Exhibit C; and the February 29, 2024 Correspondence of the Parties ("Correspondence"), attached to the Sincich Decl ¶12 as Exhibit D.

**Statement of Local Rule 7-3 Compliance and pursuant to this Court's Civil Standing Order (Doc. 10 at 11:8-12:6)**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on Friday June 14, 2024, starting at 2:00 p.m., during which a partial resolution was reached as described below, but no resolution was reached regarding the subject information of the present Motion. Present at the conference was Marcel F. Sincich for the Plaintiffs and James Touchstone for the Defendants. The conference took place over Zoom and lasted a total of approximately two hours, of which 15 minutes this Motion was discussed. During the conference, the parties discussed the following:

- Whether Defendants intend to call Brady Held as at trial.
- The insufficiency of Defendants Rule 26 Expert Disclosures, having not produced any animations from their animation expert and whose animations were not even completed at the time of the expert exchange.
- The prejudice Plaintiffs will suffer if Defendants attempt to surprise the Court and Plaintiffs with an animation on the eve of or at trial.

(Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶¶2, 5.)

Respectfully submitted,

Dated: June 21, 2024,

**LAW OFFICE OF DALE K. GALIPO**
**RODRIGUEZ APODACA LAW FIRM, LLP**

By _____/s/_____ Marcel F. Sincich_____
    Dale K. Galipo
    Marcel F. Sincich
    *Attorneys for Plaintiffs*, FRANK BENAVENTE
    and NICOLE VENTRESS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On February 2, 2024, Defendants served with Initial Disclosure of Expert Witnesses, "of persons who may be used at trial to present evidence under Rules 7-2, 703 or 705 of the Federal Rules of Evidence" which included Animation Expert Brady held. (Exh. B, Defendants' Expert Disclosures at 1.) There is no question that Defendants designated Mr. Held to provide opinion testimony. Yet, as their animation expert, Defendants failed to produce any animation from Mr. Held and failed to produce any of his opinions. The unfair prejudice to Plaintiffs currently exists and continues to grow the closer we get to trial, as it is evident Plaintiffs and the Court will be surprised by Mr. Held's opinions and exhibits, in violation of this Court's Order and Rule 25, depriving Plaintiffs of a fair trial.

Defendants failed to produce Mr. Held's animation on February 2, 2024, at the time of initial expert disclosures, failed to produce them on February 16, 2024, at the time of rebuttal expert disclosures, and have still failed to provide them to date.

By way of the instant Motion *in Limine*, Plaintiffs move to exclude Mr. Held in his entirety, including any testimony and any future created and currently undisclosed animations, on the grounds that his opinions and testimony are not helpful to the jury, usurp the province of the jury, not supported by sufficient facts and data, unreliable, and based on speculation and inaccurate information, and whose opinions and exhibits were never produced.

## II.  LEGAL STANDARD

The admissibility of expert testimony is governed by Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). To be admissible, expert testimony must generally satisfy a two-prong test, reliability, and relevance. *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), amended sub nom. *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003) (footnote omitted). To establish relevance, the testimony must be helpful

to the trier of fact and beyond the common knowledge of jurors. *Daubert*, 509 U.S. at 597. Rule 702 requires courts to assess the reliability of expert testimony based on scientific, technical, or "other specialized" knowledge before admitting it. *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (extending the Daubert gatekeeping requirement to "technical" and "other specialized" knowledge). To assess the expert's reliability and relevance, we must see the expert's opinions and particularly here, Mr. Held's undisclosed animation(s).

The proponent of the expert testimony bears the burden of proving admissibility. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) ("the party presenting the expert must show that the expert's findings are based on sound science"). A court may satisfy its "gatekeeping" function by conducting a pretrial hearing, or by ruling on a Rule 702 objection at trial, "so long as the court has sufficient evidence to perform 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 597). Here we cannot here because Defendants failed to produce and seemingly, Mr. Held has failed to complete any animations to date.

Expert are only permissible if qualified by knowledge, skill, experience, training, or education and only if: (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

Here, the first question for the Court is whether his proffered testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." The next question is whether there is a reliable methodology applied to reach the opinions offered. Impossible to assess because Defendants have failed to produce any

animations that reflect Mr. Held's opinions, to which he supposedly applied a methodology.

### III. BRADY HELD SHOULD BE EXCLUDED FROM TRIAL FOR FAILURE TO PRODUCE HIS OPINIONS

#### A. Defendants' Failure to Produce Pursuant to Rule 26(a)(2)(B)

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Here, Defendants identified Brady Held as a person "who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." (Exh. B, Defendants' Expert Disclosures at 1, 2.) Unambiguously, Defendants intend to offer opinion testimony by Mr. Held. The Defendants designated Mr. Held as follows:

> **Mr. Held has been retained on behalf of Defendants** and is expected to provide testimony pertaining to all aspects … related to claims made against Defendants. **Mr. Held is expected to respond to any and all opinions presented by Plaintiffs' and other Defendants' experts**.

(*Id.* at 3 (emphasis added).) Thus (in relevant part):

> [T]his disclosure **must** be accompanied by a written report…. The report **must contain**:
>
> (i)   **a complete statement of all opinions the witness will express and the basis and reasons for them**;
>
> (ii)  the facts or data considered by the witness in forming them;
>
> (iii) **any exhibits that will be used to summarize or support them**.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

In his unsigned report, Mr. Held stated "[t]he following is a statement of the <u>work I have completed</u> regarding exhibits I created for the above-reference matter." (Exh. C, Held Report at 1 (emphasis added).) Yet, no exhibits/animations have been completed. In his "SCOPE OF WORK", Mr. Held stated, "Upon retainer on this

1  matter, I was <u>asked to create a forensic 3D animation</u> of an event that took place in
2  Ontario, California." (*Id.* at 2 (emphasis added).) Yet, no 3D animation was
3  produced. Mr. Held intends to "create layers on top of video footage such as
4  annotations and tracing objects." (*Id.* at 3.) Yet, failed to produce any such video
5  with layers. Mr. Held claims to use his expertise be create an *accurate* 3D scene, but
6  Defendants withholding of the animation(s) during the time of expert disclosures
7  prejudiced Plaintiffs' ability to retain a rebuttal expert, if needed, and ability to
8  depose Mr. Held regarding the reliability of his methodology and accuracy of his 3D
9  environment. Further, Defendants intend for Mr. Held to opinion based to bolster
10 other defense experts and rebut Plaintiffs' expert. (Exh. B, Defendants' Expert
11 Disclosures at 3.) Yet, Defendants failed to produce any opinions of Mr. Held.

12      It is fundamental that the animation expert's "opinions" are contained in the
13 animation(s) if not written in the report with a supporting animation. Expert opinion
14 is a person's thought, belief, inference, or view of disputed facts, as opposed to
15 personal knowledge of facts, offered by a witness whose knowledge, skill,
16 experience, training, and education qualify the witness to help a jury understand the
17 evidence or decide a factual dispute. See OPINION, Black's Law Dictionary (11th
18 ed. 2019). The reflection of Mr. Held's thoughts, beliefs, inferences, and views of the
19 disputed facts in this matter are contained in his animations that were never
20 produced. Insofar as Mr. Held's holds any secret opinions, Defendants should have,
21 but failed to, produce "any exhibit that will be used to summarize or support" those
22 opinions. See Fed. R. Civ. Pro. 26(a)(2)(B)(iii). The term exhibit applied here is
23 equivalent to animation (or demonstrative as Defendants intend to reclassify it).

24      Because Defendants intend for Mr. Held to recreate the accident, it holds a
25 substantial risk that that the jury "credit the illustration more than they credit the
26 underlying opinion." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 425 (4th Cir. 1996);
27 *Datskow v. Teledyne Cont'l Motors Aircraft Prods.*, 826 F. Supp. 677, 686
28 (W.D.N.Y. 1993). In *Johnson v. Bonner Cnty.*, No. 2:18-CV-00244-DCN, 2023 WL

5045270, at *12 (D. Idaho Aug. 7, 2023), the court discussed the differences between animations used as demonstrative aids and substantive simulations. "Like the chicken and the egg, it is a question of which came first. If [the] expert opinions developed first, informed by an independent review of the evidence and his knowledge and experience, then the animations may properly be considered demonstrative aids and may be shown at the Court's discretion.... But if the animations came first, and [the expert's] opinions are informed by the results of the software he used, then they are substantive simulations and are subject to the requirements of Rule 702." *Id*.

"The practical distinction between a demonstrative illustration and a substantive simulation is the difference between a jury believing that they are seeing a repeat of the actual event and a jury understanding that they are seeing an illustration of someone else's opinion of what happened." *Id*. "Animation is merely used to illustrate an expert's testimony while simulations contain scientific or physical principles requiring validation. Animations do not draw conclusions; they attempt to recreate a scene or process, thus they are treated like demonstrative aids. Computer simulations are created by entering data into computer models which analyze the data and reach a conclusion." *People v. Duenas*, 55 Cal. 4th 1, 20, 281 P.3d 887, 900 (2012) (citations omitted). Thus, a demonstrative is officered to help the jury understand expert testimony while a computer simulation "is itself substantive evidence." *Id*.

Here, Defendants admit that there are no opinions contained in Mr. Held's report. Plaintiffs content that Mr. Held's animations and testimony therefrom are his opinions. Plaintiffs contend that it was necessary for Mr. Held to impute data into a computer to analyze the scene and reach conclusions which Defendants intend to visualize in Mr. Held's undisclosed "opinions" (i.e., simulation exhibit). Mr. Held did not rely on any officer statements or deposition testimony. He relied on and adopted the opinions reached by the Defendant City expressed in their Public Release, which is contradicted by testimony and objective evidence. Mr. Held's

"animations" are intended to be substantive evidence that assumes disputed facts in Defendants' favor under the guise of repeating the actual event. Such evidence should have been disclosed. It was not. Thus, it should be excluded from trial.

Nevertheless, demonstrative aids are generally not admitted into evidence or sent into the jury room for deliberation. *Id.*; *see United States v. Wright*, 412 F. App'x 993 (9th Cir. 2011) (holding that it was not error for a district court to allow a demonstrative aid when it was not admitted into evidence); *Caiyun Mu v. Hyon Min Oh*, 2017 WL 2211090, at *4 (N. Mar. I. May 18, 2017) (same); *United States ex re. PoongLim/Pert v. Dick Pacific/Ghemm*, 2006 WL 568231, at *3 (D. Alaska 2006) (finding demonstratives "are not evidence themselves, but are displayed to assist in understanding the evidence.").

Defendants have insisted that Mr. Held was designated as an expert under the Federal Rule of Evidence 702, 703, or 705—a person who will testify in the form of an opinion. In violation of this Court's Civil Trial Order (Doc. 22) and in violation of Fed. R. Civ. Pro. 26(a)(2)(B), Defendants failed to produce his opinions and exhibits reflecting Mr. Held's thoughts, beliefs, inferences, and view of the disputed facts in this matter, therefore he should be excluded. *See Gomez v. Fachko*, No. 19-CV-05266-LHK, 2021 WL 5178821, at *4–5 (N.D. Cal. Nov. 8, 2021) (excluding the animation expert's testimony in its entirety for not providing the animation file depicting the subject and the officer's vehicles, because the animation is the only aspect of the witness's testimony that relies on specialized knowledge).

### B. Plaintiffs Have And Will Suffer Unfair Prejudice If Mr. Held And His Animations Are Permitted At Trial

Without Mr. Held's opinions and exhibits (i.e., "animations"), Plaintiffs have been unfairly prejudiced by no being afforded the opportunity to inspect and investigate the reliability of Mr. Held's methodology; have not been able to analyze whether any animation is accurate; and have not been able to analyze the anticipated unfair prejudice that Defendants intend with their surprise animations. Further,

without Mr. Held's opinions and exhibits, Plaintiffs have been unfairly prejudiced by not being afforded the opportunity to evaluate the need for a rebuttal expert. *See Rochelle v. Ulrich*, No. 4:20-CV-4043, 2022 WL 3330576, at *1-2 (W.D. Ark. Aug. 11, 2022) (excluding animations produced three months after expert disclosure deadline because opposing party had no time for rebuttal before the cutoff).

The time for initial expert disclosures was February 2, 2024. (Doc. 22.) But no opinions and exhibits were produced. The time for rebuttal expert disclosure was February 16, 2024. (*Id.*) But no opinions and exhibits were produced. On February 29, 2024, out of an abundance of caution, Plaintiffs' counsel reached out to the Defense asking, "Can you please confirm that there are no Animations, Photos, Graphics, Exhibits, Videos, Computer-Generated Environment or Models, etc. related to Mr. Held's 5-page expert report from February 2, 2024?" (Exh. D, Correspondence at 1.) Defendants responded, "None. Mr. Held's animation is not complete yet and is demonstrative only." (*Id.*) During the parties meet and confer, Defense counsel indicated that Mr. Held's animation is still not complete.

Defendants apparently intend to surprise Plaintiffs and the Court with Mr. Held's opinions and exhibits at trial. The principal goal of the discovery rules is "preventing trial by ambush and surprise." *Brandon v. Mare-Bear, Inc.*, 225 F.3d 661 (9th Cir. 2000). "Courts apply the disclosure rules with an eye toward 'common sense,' keeping in mind the purposes that the rules are intended to accomplish. Parties should be put on notice of the factual and legal contentions of the opposing party; the initial and supplemental disclosure [] requirements eliminate surprise and trial by ambush." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 617 (D. Nev. 2020).

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e) further requires parties to

"supplement or correct" their disclosures "in a timely manner" when additional information comes to light. The purpose of these rules is to avoid trial by ambush. No such animations in support of Defendants defense have been produced.

This type of "multimedia exhibit" poses a significant risk of misleading the jury and confusing issues. *See Abrego v. City of Los Angeles*, No. CV-1500039-BRO-JEMx, 2017 WL 11648665, at *1 (C.D. Cal. Feb. 26, 2017). "In applying Rule 403 to visual demonstrations, [courts] have determined that depictions that appear to 'recreate' an accident are significantly more likely to confuse the jury than depictions which merely 'illustrate principles forming an expert's opinion.'" *Altman v. Bobcat Co.*, 349 F. App'x 758, 763 (3d Cir. 2009) (citations omitted). "There is a higher threshold for admissibility of visual demonstrations that attempt to recreate an accident because they are significantly more likely to confuse the jury." *Salvatore v. Viking Sport Cruisers, Inc.*, No. CIV.A. 09-4817 NLH, 2012 WL 1067864, at *7 (D.N.J. Mar. 29, 2012) (quotations omitted).

Courts have found that this type of evidence must be nearly identical or substantially similar to the conditions of the incident. *See Glick v. White Motor Co.*, 458 F.2d 1287, 1294–95 (3d Cir. 1972) (citing *Crown Cork and Seal Co. v. Morton Pharmaceuticals, Inc.*, 417 F.2d 921 (6th Cir. 1969).) Here, there is no way for Defendants to create an identical or substantially similar 3D environment of what actually occurred due to the inconsistent information Mr. Held relies upon. *See Ingram v. ABC Supply Co.*, No. C/A 3:08-1748-JFA, 2009 WL 5205970, at *6 (D.S.C. Dec. 23, 2009), on reconsideration, No. C/A 3:08-1748-JFA, 2010 WL 233859 (D.S.C. Jan. 14, 2010) ("not persuaded that the conditions in the videotape are sufficiently close to those of the accident to make its probative value outweigh its prejudicial effect" where animation had significant inconsistencies with other evidence). That cannot be fully evaluated because of the failure to disclose. However, the "facts" of this Public Release essentially parallel the "facts" in

Defendants' Motion for Summary Judgment, which are highly disputed and several of which are factually impossible. (See Docs. 32-1 to 32-4.)

All the material Mr. Held relied upon was given to him by Mr. Callahan. (Exh. C, Held Report at 2-3.) However, Mr. Held cannot base his opinions and exhibits off the opinions and exhibits of Mr. Callahan. *See In re Congra Foods, Inc.*, 302 F.R.D. 537 (C.D. Cal. 2014) (collecting cases for the preposition that an expert cannot base their opinion on that of another expert's opinion alone); *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 629 (W.D. Wash. 2011) (expert testimony was deficient partly because it was based on another expert's data and methodology, and there was no evidence that the expert had tested the other expert's data or method); *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F.Supp.2d 1005, 1012 (C.D. Cal. 2003) ("The rules do not permit an expert to rely upon excerpts from opinions developed by another expert for the purposes of litigation"); *Am. Key Corp. v. Cole Nat. Corp.*, 762 F.2d 1569 (11th Cir. 1985); *Wicks v. Antelope Valley Healthcare Dist.*, 49 Cal. App. 5th 866, 881, 263 Cal. Rptr. 3d 397, 409 (2020).

The Fourth Circuit noted, in recognition of the unique problems presented by recreation videos, "the potential prejudicial effect of such evidence because the jury viewing a recreation might be so persuaded by its life-like nature that it becomes unable to visualize an opposing viewpoint of those events. Hence, we established a requirement that video taped evidence purporting to recreate events at issue must be substantially similar to the actual events to be admissible." *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 424–25 (4th Cir. 1996).

Additionally, Defendants seek to further unfairly prejudice Plaintiffs' duplicative expert testimony. "Duplicative expert testimony will be excluded, absent leave of the court. Rule 403, Fed. R. Evid. (court may limit cumulative evidence and waste of time)." *Parsons v. Ryan*, No. CV-12-00601-PHX-NVW, 2014 WL 3721030, at *4 (D. Ariz. July 28, 2014); *United States v. Marabelles*, 724 F.2d 1374, 1382 (9th Cir. 1984). Under Rule 403, courts have discretion to exclude "needlessly"

duplicative expert testimony. *United States v. Lewis*, 837 F.2d 415, 418 (9th Cir. 1988). Thus, Mr. Held should be excluded.

## IV. CONCLUSION

Defense expert Brady Held was designated as an animation expert expected to provide opinion testimony, yet no opinions and no animations have been produced. Mr. Held's testimony will not help the jury in resolving the issues of facts presented, nor are they the product of reliable principles and methods, and any future created, and untimely produced animations would be extremely prejudicial to Plaintiffs' creating a trial by surprise. Therefore, Mr. Held should be excluded from trial.

Respectfully submitted,

Dated: June 21, 2024,    **LAW OFFICE OF DALE K. GALIPO**
**RODRIGUEZ APODACA LAW FIRM, LLP**


By _____/s/_____Marcel F. Sincich_____
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiffs*, FRANK BENAVENTE and NICOLE VENTRESS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs certify that this brief contains 3,196 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: June 21, 2024,    **LAW OFFICE OF DALE K. GALIPO**
**RODRIGUEZ APODACA LAW FIRM, LLP**


By _____/s/_____ *Marcel F. Sincich*_____
   Dale K. Galipo
   Marcel F. Sincich
   *Attorneys for Plaintiffs*, FRANK BENAVENTE
   and NICOLE VENTRESS