**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**RODRIGUEZ APODACA LAW FIRM, LLP**
Richard A. Apodaca (SBN 292294)
richarda@ralawllp.com
Elissa K. Buenrostro (SBN 303299)
elyb@ralawllp.com
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Tel: (909) 944-3777 | Fax: (909) 944-5777

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ONTARIO; and ALBERT ALVARADO,<br><br>Defendants. | Case No. 5:23-cv-00266-SSS-KK<br>[*Honorable Sunshine S. Sykes*]<br><br>**DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF PLAINTIFFS' MOTIONS *IN LIMINE* Nos. 1-5**<br><br>[(Proposed) Orders; Notice of Motions and Motions *in Limine* 1-5; and attached exhibits *filed concurrently herewith*]<br><br>**<u>Hearing on Motions *in Limine*</u>**:<br>July 26, 2024 at 02:00 p.m.<br>**<u>Final Pretrial Conference</u>**:<br>August 2, 2024 at 02:00 p.m.<br>**<u>Jury Trial</u>**<br>August 19, 2024 at 08:30 a.m.<br>Ctrm: 2<br>3470 Twelfth Street,<br>Riverside, California 92501 |

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

   **1.**   I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for Plaintiffs Frank Benavente and Nicole Ventress. I make this declaration in support of Plaintiffs' Motion *in Limine* No. 1 to Exclude Information Unknown; Plaintiffs' Motion *in Limine* No. 2 to Exclude Speculative and Prejudicial Information; Plaintiffs' Motion *in Limine* No. 3 to Exclude Brady Held; Plaintiffs' Motion *in Limine* No. 4 to Exclude Michael Callahan; and Plaintiffs' Motion *in Limine* No. 5 to Robert Handy. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

   **2.**   These motions are made following a conference of counsel pursuant to Local Rule 7-3 during in which a partial resolution was met, which was reflected in the parties Joint Stipulation re Evidence at Trial and Motions *in Limine* (Doc. 41), to which no resolution could be reached regarding the subject information contained in these Motions. The subjects of Plaintiffs' Motion *in Limine* Nos. 1-5 have been discussed with opposing counsel. Opposing counsel has indicated their intent to submit evidence to the jury related to such matters contained within each motion. The parties' conference took place on Friday June 14, 2024, starting at 2:00 p.m. Present at the conference were Marcel F. Sincich for the Plaintiffs and James Touchstone for the Defendants. The conference took place over Zoom and lasted a total of approximately two hours in which Plaintiffs' Motion were discussed.

   **3.**   For approximately 28 minutes of the conference, the contents of Plaintiffs' Motion *in Limine* No. 1 was discussed, including: Whether Defendants intend to illicit testimony, admit exhibits, or include in argument information unknown to Defendant Alvarado, generally and including each of the topics noticed in Plaintiffs' Motion; What relevance Defendants believe information unknown to Defendant Alvarado has on the issue of liability; and What relevance Defendants

believe information unknown to Defendant Alvarado has on the issue of damages, including drug and alcohol history; criminal history; wrongs and bad acts; and after-acquired information.

   **4.**   For approximately 12 minutes the contents of Plaintiffs' Motion *in Limine* No. 2 were discussed, including: Whether Defendants intend to illicit testimony, admit exhibits, or include in argument information unknown to Defendant Alvarado; What relevance of the subject information has regarding liability and damages; The speculative nature and lack of support for introducing information noticed in the Motion; Plaintiffs family history including their loss of physical custody of Benavente as a minor, the involvement and contacts with Child Protective Services, and Benavente's subsequent placement in foster care and/or group home; Any prior and unrelated medical history, diagnosis, conditions, or medications; Defendants view on bifurcating damages; Testimony related to what would have occurred as opposed to what could have occurred.

   **5.**   For approximately 15 minutes the contents of Plaintiffs' Motion *in Limine* No. 3 were discussed, including: Whether Defendants intend to call Brady Held as at trial; The insufficiency of Defendants Rule 26 Expert Disclosures, having not produced any animations from their animation expert and whose animations were not even completed at the time of the expert exchange; The prejudice Plaintiffs will suffer if Defendants attempt to surprise the Court and Plaintiffs with an animation on the eve of or at trial.

   **6.**   For approximately 29 minutes the contents of Plaintiffs' Motion *in Limine* No. 4 were discussed, including: Whether Defendants intend to illicit testimony, admit exhibits, or include in argument inaccurate information; The failure to produce all of Mr. Callahan's exhibits; The inaccuracies of Mr. Callahan's exhibits; Speculative opinions outside of his expertise (e.g., risk of catastrophic injury, and significant risk of injury); Opinions about what would have as opposed to could have; Unreliable and speculative information as to Alvarado's location; and

Unreliable and speculative opinions about what the car/Benavente would have the capacity to do if the shots were never fired. So that Defendants were clear on the inaccuracies of Mr. Callahan's exhibits being discussed, Plaintiffs' counsel emailed them to Defense counsel. Plaintiffs' counsel received no response.

**7.** For approximately 31 minutes the contents of Plaintiffs' Motion *in Limine* No. 5 were discussed, including: Defendants' failure to produce Mr. Handy's list of testimony from the previous four years and statement of compensation; Whether Defendants intend to illicit opinions not contained in Mr. Handy's report or expressed at deposition; Whether Defendants intend to illicit testimony, admit exhibits, or include in argument inaccurate information, and or based on first making a credibility determination; Speculative testimony of endangering drivers during pursuit; Speculative and prejudicial testimony of whether Benavente was possibly a gang member, possibly armed with a gun, possibly reaching for a gun, or possibly setting an ambush; Improperly basing opinions on information unknown, particularly methamphetamine and post-incident statements by Ms. Briones and Ms. Ventress; Speculative statements of what would have occurred if circumstances were different; Speculative, ipse dixit, opinions without foundation or factual support, particularly related to a new theory to attempt to justify the use of unreasonable force that is not supported, but contradicted, by Alvarado's own statements, regarding fleeing felon; Speculative statements of what a person was intending to do or trying to do; Legal conclusions; and Opinions outside of expertise regarding reaction time and cognitive processing.

**8.** During the conference of counsel, the parties reached an agreement to exclude the following evidence, testimony, argument, or reference at trial:

    **a.** Plaintiffs' drug and alcohol history, if any, except as to foundational issues concerning decedent's drug use and any potential damage to parental-child relationship—in any phase.

  **b.** Any findings or conclusions by the District Attorney's Office as to whether to press criminal charges against Defendant Alvarado and the basis for that decision—in any phase.

  **c.** Any findings or conclusions by the City of Ontario/Ontario Police Department as to whether the force was reasonable, proportionate, or within policy, unless offered during the *Monell* phase of trial, if applicable.

  **d.** Any inference of gang activity or membership.

  **e.** Any juvenile crimes, wrongs, or bad acts, including conduct in school (e.g., "acting up"), and conduct in foster care and/or the group home as a child, including running away—in any phase.

  **f.** Opinions by experts concerning the intention and/or subjective mindset/thoughts of any other person, including what a third person was intending to do or trying to do—in any phase.

  **g.** Legal conclusions, which are the province of the Court—in any phase.

  **h.** Credibility determinations, which are the province of the jury—in any phase.

  **i.** Opinions not included in expert reports or depositions—in any phase.

  **j.** Decedent's criminal history, if any, except if it were within 10 years of the incident, a felony, and decedent was an adult at the time of the conviction—in any phase.

  **k.** Plaintiffs' loss of physical custody of decedent at approx. age 8 or 9—regarding liability only.

  **l.** Decedent's placement in foster care and/or a group home as a child—regarding liability only.

  **m.** The reason(s) for being placed in foster care/group home, except the fact that decedent Joseph Benavente was in foster care custody during much of his juvenile life—regarding liability only.

  **n.** Any prior medical history, diagnosis, conditions, or medications, except as relevant to damages regarding the state of the child-parent relationship and excluding decedent's drug use and state of intoxication at the time of the incident—regarding liability only.

  **o.** During the conference it was Plaintiffs' understanding that the parties reached an agreement that Decedent's drug or alcohol history, if any, prior to and unrelated to the date of the incident (which did not include any drug use on the day of the incident or the toxicology results), would be excluded from trial. However, during the process of the parties drafting the stipulation regarding motions *in limine*, Defendants appear to have withdrawn the agreement.

**9.** Attached hereto as "**Exhibit A**" is a true and correct copy of the relevant portions of **Defendant Albert Alvarado's July 28, 2023 Deposition Transcript ("Alvarado Depo")**.

**10.** Attached hereto as "**Exhibit B**" is a true and correct copy of the relevant portions of the **Defendant February 2, 2024 Initial Expert Disclosures**.

**11.** Attached hereto as "**Exhibit C**" is a true and correct copy of the **Defendants' Rule 26 Report of Brady Held ("Held Report")** produced by defendants on February 2, 2024.

**12.** Attached hereto as "**Exhibit D**" is a true and correct copy of the **February 29, 2024 Correspondence of the Parties** regarding Mr. Held.

**13.** Attached hereto as "**Exhibit E**" is a true and correct copy of the relevant portions of **Defendants' Rule 26 Expert Report of Michael Callahan ("Callahan Report")** produced by defendants on February 2, 2024.

**14.** Attached hereto as "**Exhibit F**" is a true and correct copy of the first 30 (relevant pages) of **Mr. Callahan's "231164_3_PM_Rest_Stills"** exhibit produced by Defendants on the eve of Mr. Callahan's deposition.

**15.** Attached hereto as "**Exhibit G**" is a true and correct copy of the relevant portions of **Mr. Callahan's March 1, 2024 Deposition Transcript ("Callahan Depo")**.

**16.** Attached hereto as "**Exhibit H**" is a true and correct copy of the relevant portions of **Defendants' Rule 26 Expert Report of Robert Handy ("Handy Report")**.

**17.** Attached hereto as "**Exhibit I**" is a true and correct copy of the relevant portions of **Mr. Handy's February 19, 2024 Deposition Transcript ("Handy Depo")**.

**18.** Attached hereto as "**Exhibit J**" is a true and correct copy of the relevant portions of **Defendants July 17, 2023 Responses to Plaintiff's Requests for Production**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of June 2024.

_____
Marcel F. Sincich