UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-00266-SSS-DTBx | Date | June 26, 2024 |
| Title | *Frank Benavente, et al. v. Albert Alvarado, et al.* | | |

Present: The Honorable     SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. 31] AND MOTION TO TRIFURCATE TRIAL [Dkt. 40]**

Before the Court are two motions filed by Defendants City of Ontario and Albert Alvarado, seeking (1) summary judgment [Dkt. 31] and (2) trifurcation of trial [Dkt. 40].

Local Rule 7-3 demands that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3.  The conference must occur at least 7 days before the filing of the motion.  *Id.*  If the parties cannot reach a resolution, counsel for the moving party must include a statement in the notice of motion articulating that the parties met and conferred on a certain date.  *Id.*

Further, the Court's Civil Standing Order requires that statement to include "(1) the names of the counselors present at the conference, (2) when the conference was held, (3) how long the conference lasted, (4) the manner in which the conference was held, (5) what issues were discussed, and (6) what issues the

parties were unable to resolve. The parties are further advised that email correspondence alone is insufficient to satisfy this requirement." [Dkt. 10].

The Standing Order cautions litigants that the Court "may strike or deny a motion or other relief if counsel fails to meet and confer in good faith" prior to filing their motion.

### A. Motion for Summary Judgment

In their motion for summary judgment, Defendants state only that "[p]rior to bringing this motion, Defendants attempted to meet and confer regarding the issues presented herein as required by Local Rule 7-3. However, these attempts were unsuccessful, thereby making this motion necessary." [Davenport Decl. (Dkt. 31-2)]. As such, they have failed to include even the date of conference as required under the Local Rules – much less attempted to conform to this Court's Standing Order's more in-depth requirements. The motion for summary judgment is therefore **DENIED WITHOUT PREJUDICE**. [Dkt. 31].

This Court's Civil Standing Order also provides that "[n]o party may file more than one (1) motion pursuant to Federal Rule of Civil Procedure 56… without leave of the Court." Defendants are therefore advised that, should they wish to re-file their motion for summary judgment, they will be required to secure leave of Court to do so.

### B. Motion to Trifurcate Trial

In their motion to trifurcate trial, Defendants represent that the motion was "made following a pre-trial conference of counsel pursuant to… Local Rule 7-3, which took place on June 14, 2024." [Dkt. 40]. This attestation does not include the additional details set forth in the Standing Order and is **DENIED WITHOUT PREJUDICE** on that basis. The hearing on the motion to trifurcate set for Friday, July 26, 2024 is **VACATED**.

**IT IS SO ORDERED.**