| | |
|---|---|
| 1 | James R. Touchstone, SBN 184584 |
|   | jrt@jones-mayer.com |
| 2 | Denise L. Rocawich, SBN 232792 |
|   | dlr@jones-mayer.com |
| 3 | Scott Wm. Davenport (SBN 159432) |
|   | swd@jones-mayer.com |
| 4 | JONES MAYER |
|   | 3777 North Harbor Boulevard |
| 5 | Fullerton, CA 92835 |
|   | Telephone: (714) 446-1400 |
| 6 | Facsimile: (714) 446-1448 |
| 7 | Attorneys for Defendants, |
|   | CITY OF ONTARIO and ALBERT ALVARADO |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENAVENTE and NICOLE VENTRESS, | Case No. 5:23-CV-00266-SSS |
| Plaintiffs, | *Judge:* Hon. Sunshine S. Sykes |
| v. | **OPPOSED *EX PARTE* APPLICATION FOR LEAVE TO RE-FILE MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, ALLOWING PREVIOUSLY BRIEFED MATTER TO PROCEED IN LIGHT OF SUPPLEMENTAL DECLARATION OUTLINING MEET AND CONFER COMPLIANCE [DKT. 38]** |
| ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive, | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants hereby submit this *Ex Parte* Application for Leave to Re-File Motion for Summary Judgment and/or Partial Summary Judgment or, in the Alternative, Allowing Previously Briefed Matter to Proceed in Light of Supplemental Declaration Outlining Meet and Confer Compliance [Dkt. 38]. Defendants further request that all forthcoming deadlines be vacated pending resolution of Defendants' Motion for Summary Judgment. Defendants are informed and believe that Plaintiffs will oppose this request.



## LOCAL RULE 7-19 COMPLIANCE

Pursuant to Local Rule 7-19, Defendant hereby indicates that Opposing Counsel's Information is as follows:

> Dale K. Galipo (SBN 144074)
> Marcel F. Sincich (SBN 319508)
> LAW OFFICES OF DALE K. GALIPO
> 21800 Burbank Blvd., Ste. 310
> Woodland Hills, CA 91367
> Telephone: 818-347-3333
> Facsimile: 818-347-4118
> E-mail: dalekgalipo@yahoo.com; msincich@galipolaw.com

***This ex parte application is being filed following meet and confer attempts by the parties as required by local rule 7-19.1.***  See Declaration of Scott Wm. Davenport attached hereto, ¶ 15.

Dated: June 28, 2024

Respectfully Submitted,

JONES MAYER

By: */s/Scott Wm. Davenport*
James R. Touchstone
Scott Wm. Davenport

Attorneys for Defendants,
CITY OF ONTARIO and ALBERT ALVARADO



# MEMORANDUM OF POINTS AND AUTHORITIES

## GOOD CAUSE EXISTS TO GRANT LEAVE TO RE-FILE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, TO ALLOW THE PREVIOUSLY BRIEFED MOTION TO PROCEED

Defendants ALBERT ALVARADO and CITY OF ONTARIO hereby submit this *Ex Parte* Application for Leave to Re-File Motion for Summary Judgment and/or Partial Summary Judgment or, in the Alternative, Allowing Previously Briefed Matter to Proceed in Light of Supplemental Declaration Outlining Meet and Confer Compliance [Dkt. 38]. Defendants further request that all forthcoming deadlines be vacated pending resolution of Defendants' Motion for Summary Judgment. This application is based on the following showing of good cause:

On January 9, 2024, Defense Counsel first contacted counsel regarding attempts to meet and confer on the filing of this motion. In this initial correspondence, Defense Counsel stated:

> The District Court has some local-local rules that differ somewhat significantly from the norm in several respects. First, the Court requires 7 weeks' notice on an MSJ (which is why I am starting so early) and indicates that it really expects at least a telephonic attempt to meet and confer (not my email). I wanted to see if there is a time this week or next when we could discuss our forthcoming motion which will address the following issues: (1) force used was reasonable under the totality of the circumstances; (2) no denial or medical care or familiar relationship claims; (3) no Monell liability; and (4) qualified immunity.
>
> We have all been doing this a long time and don't know that there will be much to discuss as we will most likely agree to disagree. However, I would encourage you to consider dismissing the First and Third causes of action (detention/arrest and denial of medical care) given the BWC evidence.
>
> I will be in the LA/OC area tomorrow if you would like to meet in person or we could set something up either telephonically or via zoom for some



time over the next week of wo.  Please let me know your availability.  *Exhibit* "A" at 5-6.

Thereafter, the parties continued to engage in email correspondence regarding the forthcoming meet and confer conference and eventually agreed to have a telephonic conference on March 11, 2024, at 11:00 a.m.  *Exhibit* "A" at 1-5.

**The telephonic meet and confer did, in fact, occur on March 11, 2024, at approximate 11:00 a.m.  Present at this conference were Attorney Marcel Sincich for the Plaintiffs and Scott Wm. Davenport for the Defendants.  The telephonic conference last approximately 18 minutes and discussed the issues raised set out in the previous email exchange and ultimately raised in the motion, namely: (1) force used was reasonable under the totality of the circumstances; (2) no denial or medical care or familiar relationship claims; (3) no Monell liability; and (4) qualified immunity.  The parties were not able to resolve any of these issues informally.  This meeting was confirmed subsequently confirmed by counsel.**  *Exhibit* "A" at 1.

On March 29, 2024, eighteen days after the completed meet and confer conference, Defendants filed the motion for summary judgment in this case.  [Dkt. 31].  At the time of the filing, Defendants included a declaration which provided, "Prior to bringing this motion, Defendants attempted to meet and confer regarding the issues presented herein as required by Local Rule 7-3.  However, these attempts were unsuccessful, thereby making this motion necessary."  Dkt. 31-2 at ¶ 10.

On April 12, 2024, plaintiffs filed an Opposition to the Motion for Summary Judgment.  Dkt. 32.  On April 19, 2024, defendants filed a Reply.  Dkt. 33.  Thereafter, on April 15, 2024, this Court on its own motion continued the hearing from May 17, 2024, to June 28, 2024.  Dkt. 34.

On June 6, 2024, after the case had been fully briefed, counsel for plaintiff filed an objection to the Notice of Motion for Summary Judgment which implied that defendant had not engaged in the meet and confer process.  [Dkt. 37].  However, as



demonstrated above, this is patently untrue and, indeed, defendants began the process several months before the motion was ever filed and informed plaintiffs of this Court's local-local rules which differ somewhat from the Federal Rules of Civil Procedure and the Central District of California's Local Rules. Moreover, plaintiff's counsel never addressed this issue at the time he filed his opposing papers nor did he address this issue prior to filing the evidentiary objection.

As set forth in the attached declaration, in general, and in Paragraph 5, in particular, the parties engaged in meaningful meet and confer prior to the filing of the motion as required by the Code, the Local Rules, and this Court's standing order. Accordingly, defendants request that plaintiff's objection be overruled and that this Court address the motion for summary judgment on the merits.

Accordingly, on June 7, 2024, the day after plaintiffs filed their objection, defendants filed a Supplemental Declaration outlining the meet and confer efforts in which the parties engaged. [Dkt. 38.] Attached to this Supplemental Declaration, Defendants included all confirming meet and confer correspondence by the parties. Plaintiffs did not file any response to this Supplemental Declaration, nor did they question the facts contained therein.

On June 25, 2024, this Court issued an order indicating Defendants' Motion for Summary Judgment was amenable to resolution on the papers and would be taken under submission without a hearing. [Dkt. 53]. Thereafter, on June 26, 2024, this Court issued an order **DENYING WITHOUT PREJUDICE** Defendants' Motion for Summary Judgment based an insufficient meet and confer declaration. [Dkt. 55]. In so doing, this Court apparently declined to consider the Supplemental Declaration previously filed.

Immediate *Ex Parte* relief in this case is necessary given that the motion deadline has passed, the Final Pre-Trial Conference is set for August 2, 2024, and Jury Trial is set for August 19, 2024. [Dkt. 22].

Based on the foregoing showing of good cause – including the fact that Defendants did, in fact, participate in a meaningful **and early** meet and confer process,



Defendants request that this Court grant leave to re-file the motion. Alternatively, in the interests of justice of judicial economy, Defendants request that this Court issue an order allowing the previously briefed matter to proceed without the filing of any additional pleadings by the parties. Finally, Defendants request that all future dates be vacated pending the resolution of Defendants' Motion for Summary Judgment.

Finally, accordingly to the PACER/ECF notification system, this Court's Order Denying Without Prejudice Defendants' Motion for Summary Judgment was entered on Friday, June 28, 2024, at approximately 9:07 am. At 9:21 a.m., a mere 14 minutes later, Defendants contacted Plaintiffs' Counsel via email describing the substance of this *Ex Parte* application and sought to ascertain Plaintiffs' position on the two possible alternatives. In addition, Defendants requested to set up a zoom or telephonic conference regarding these issues.

Thereafter, at approximately 2:04 p.m., the parties had a telephonic meet and confer conference. Present at the telephonic conference were Attorney Marcel Sincich for the Plaintiffs and Scott Wm. Davenport for the Defendants. The telephonic conference last approximately 10 minutes and the parties discussed the following issues: (1) should the court agree to hear the motion previously filed based on the fact that the parties did, in fact, meet and confer as set forth in Dkt. 38; (2) should defendants be given leave to re-file their motion for summary judgment; and (3) should the court vacate all forthcoming dates until the ruling on the motion for summary judgment. During this phone call, Mr. Sincich indicated that his office intended to oppose all three of these issues and would not agree to any of them. In addition, Mr. Sincich was adamant about any action which would require a continuance of the trial date. Unfortunately, because the parties were not able to resolve this matter informally, Court intervention is necessary.



**CONCLUSION**

For all the foregoing reasons, Defendants respectfully requests that this Court issued an Order Granting Leave to Re-File Motion for Summary Judgment and/or Partial Summary Judgment or, in the Alternative, Allowing Previously Briefed Matter to Proceed. Defendants further request that all forthcoming deadlines be vacated pending resolution of Defendants' Motion for Summary Judgment, although they note that in the event the Court allows the motion to proceed based on the Supplemental Declaration's confirmation of the Meet and Confer requirements, no trial continuance will be necessary.

Dated: June 28, 2024      Respectfully Submitted,

JONES MAYER

By: */s/Scott Wm. Davenport*
    Scott Wm. Davenport,

    Attorney for Defendants,
    ALBERT ALVARADO and CITY OF ONTARIO



- 7 -

**DECLARATION OF SCOTT WM. DAVENPORT**

I, Scott Wm. Davenport, declare:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am a Certified Appellate Specialist and an attorney in the law firm of Jones Mayer, counsel of record for Defendants in this matter. This Declaration is submitted in support of Defendant's *Ex Parte* Application. If called as a witness, I would and could competently testify to all of the facts contained within this declaration based upon my personal knowledge.

2. On January 9, 2024, I first contacted counsel regarding attempts to meet and confer on the filing of this motion. A true and correct copy of this email correspondence is attached hereto as *Exhibit* "A".

3. In this initial correspondence, I stated:

> The District Court has some local-local rules that differ somewhat significantly from the norm in several respects. First, the Court requires 7 weeks' notice on an MSJ (which is why I am starting so early) and indicates that it really expects at least a telephonic attempt to meet and confer (not my email). I wanted to see if there is a time this week or next when we could discuss our forthcoming motion which will address the following issues: (1) force used was reasonable under the totality of the circumstances; (2) no denial or medical care or familiar relationship claims; (3) no Monell liability; and (4) qualified immunity.
>
> We have all been doing this a long time and don't know that there will be much to discuss as we will most likely agree to disagree. However, I would encourage you to consider dismissing the First and Third causes of action (detention/arrest and denial of medical care) given the BWC evidence.
>
> I will be in the LA/OC area tomorrow if you would like to meet in person or we could set something up either telephonically or via zoom for some time over the next week of wo. Please let me know your availability.

*Exhibit* "A" at 5-6.

4. Thereafter, the parties continued to engage in email correspondence regarding the forthcoming meet and confer conference and eventually agreed to have a



telephonic conference on March 11, 2024, at 11:00 a.m. *Exhibit* "A" at 1-5.

5. **The telephonic meet and confer did, in fact, occur on March 11, 2024, at approximate 11:00 a.m. Present at this conference were Attorney Marcel Sincich for the Plaintiffs and Scott Wm. Davenport for the Defendants. The telephonic conference last approximately 18 minutes and discussed the issues raised set out in the previous email exchange and ultimately raised in the motion, namely: (1) force used was reasonable under the totality of the circumstances; (2) no denial or medical care or familiar relationship claims; (3) no Monell liability; and (4) qualified immunity. The parties were not able to resolve any of these issues informally. This meeting was confirmed subsequently confirmed by counsel.** *Exhibit* "A" at 1.

6. On March 29, 2024, eighteen days after the completed meet and confer conference, I filed the motion for summary judgment in this case. [Dkt. 31]. At the time of the filing, I included a declaration which provided, "Prior to bringing this motion, Defendants attempted to meet and confer regarding the issues presented herein as required by Local Rule 7-3. However, these attempts were unsuccessful, thereby making this motion necessary." Dkt. 31-2 at ¶ 10.

7. On April 12, 2024, plaintiffs filed an Opposition to the Motion for Summary Judgment. Dkt. 32. On April 19, 2024, defendants filed a Reply. Dkt. 33. Thereafter, on April 15, 2024, this Court on its own motion continued the hearing from May 17, 2024, to June 28, 2024. Dkt. 34.

8. On June 6, 2024, after the case had been fully briefed, counsel for plaintiff filed an objection to the Notice of Motion for Summary Judgment which implied that defendant had not engaged in the meet and confer process. [Dkt. 37]. However, as demonstrated above, this is patently untrue and, indeed, defendants began the process several months before the motion was ever filed and informed plaintiffs of this Court's local-local rules which differ somewhat from the Federal Rules of Civil Procedure and the Central District of California's Local Rules. Moreover, plaintiff's counsel never



addressed this issue at the time he filed his opposing papers nor did he address this issue prior to filing the evidentiary objection.

9. As set forth in this declaration, in general, and in Paragraph 5, in particular, the parties engaged in meaningful meet and confer prior to the filing of the motion as required by the Code, the Local Rules, and this Court's standing order. Accordingly, defendants request that plaintiff's objection be overruled and that this Court address the motion for summary judgment on the merits.

10. Accordingly, on June 7, 2024, the day after plaintiffs filed their objection, defendants filed a Supplemental Declaration outlining the meet and confer efforts in which the parties engaged. [Dkt. 38.] Attached to this Supplemental Declaration, Defendants included all confirming meet and confer correspondence by the parties. Plaintiffs did not file any response to this Supplemental Declaration, nor did they question the facts contained therein.

11. On June 25, 2024, this Court issued an order indicating Defendants' Motion for Summary Judgment was amenable to resolution on the papers and would be taken under submission without a hearing. [Dkt. 53]. Thereafter, on June 26, 2024, this Court issued an order **DENYING WITHOUT PREJUDICE** Defendants' Motion for Summary Judgment based an insufficient meet and confer declaration. [Dkt. 55]. In so doing, this Court apparently declined to consider the Supplemental Declaration previously filed

12. Immediate *Ex Parte* relief in this case is necessary given that the motion deadline has passed, the Final Pre-Trial Conference is set for August 2, 2024, and Jury Trial is set for August 19, 2024. [Dkt. 22].

13. Based on the foregoing showing of good cause – including the fact that Defendants did, in fact, participate in a meaningful **and early** meet and confer process, Defendants request that this Court grant leave to re-file the motion. Alternatively, in the interests of justice of judicial economy, Defendants request that this Court issue an order allowing the previously briefed matter to proceed without the filing of any additional



pleadings by the parties.  Finally, Defendants request that all future dates be vacated pending the resolution of Defendants' Motion for Summary Judgment.

14. Finally, accordingly to the PACER/ECF notification system, this Court's Order Denying Without Prejudice Defendants' Motion for Summary Judgment was entered on Friday, June 28, 2024, at approximately 9:07 am.  At 9:21 a.m., a mere 14 minutes later, Defendants contacted Plaintiffs' Counsel via email describing the substance of this *Ex Parte* application and sought to ascertain Plaintiffs' position on the two possible alternatives.  In addition, Defendants requested to set up a zoom or telephonic conference regarding these issues.

15. Thereafter, at approximately 2:04 p.m., the parties had a telephonic meet and confer conference.  Present at the telephonic conference were Attorney Marcel Sincich for the Plaintiffs and Scott Wm. Davenport for the Defendants.  The telephonic conference last approximately 10 minutes and the parties discussed the following issues: (1) should the court agree to hear the motion previously filed based on the fact that the parties did, in fact, meet and confer as set forth in Dkt. 38; (2) should defendants be given leave to re-file their motion for summary judgment; and (3) should the court vacate all forthcoming dates until the ruling on the motion for summary judgment.  During this phone call, Mr. Sincich indicated that his office intended to oppose all three of these issues and would not agree to any of them.  In addition, Mr. Sincich was adamant about any action which would require a continuance of the trial date.  Unfortunately, because the parties were not able to resolve this matter informally, Court intervention is necessary.

16. For all the foregoing reasons, Defendants respectfully requests that this Court issued an Order Granting Leave to Re-File Motion for Summary Judgment and/or Partial Summary Judgment or, in the Alternative, Allowing Previously Briefed Matter to Proceed.  Defendants further request that all forthcoming deadlines be vacated pending resolution of Defendants' Motion for Summary Judgment.



I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of June, 2024, at Chula Vista, California.

*/s/ Scott Wm. Davenport*
_____
Scott Wm. Davenport,
Declarant

