James R. Touchstone, SBN 184584
jrt@jones-mayer.com
Denise L. Rocawich, SBN 232792
dlr@jones-mayer.com
JONES & MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:  (714) 446-1448

Attorneys for Defendant CITY OF ONTARIO
and ALBERT ALVARADO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>  Plaintiffs,<br>  vs.<br><br>ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10 inclusive,<br><br>  Defendants. | Case No.:  CV23-00266 JGB (SP)<br>Judge: Hon. Sunshine S. Sykes<br><br>**SUPPLEMENTAL DECLARATION OF JAMES R. TOUCHSTONE RE MEET AND CONFER EFFORTS IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE AND MOTION TO TRIFURCATE TRIAL**<br><br>**Date: July 26, 2024<br>Time: 2:00 p.m.<br>Ctrm: 2** |

## SUPPLEMENTAL DECLARATION OF JAMES R. TOUCHSTONE RE MEET AND CONFER EFFORTS IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE AND MOTION TO TRIFURCATE TRIAL

I, James R. Touchstone, declare:

1. I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Jones Mayer, counsel of record for Defendants, City of Ontario and Albert Alvarado. I am lead trial counsel. This Declaration is submitted to supplement Defendants' Motions in Limine, including the Motion to Trifurcate Trial in this matter. I have personal knowledge of the following facts and, if called as a witness, I would and could competently testify thereto.

2. On June 26, 2024, the court issued an order denying without prejudice Defendant's Motion to Trifurcate Trail [Dkt. 40.]. The Court noted that Defense counsel did not provide sufficient information concerning their meet and confer efforts in support of the Motion. Defense counsel hereby submits this Supplemental Declaration concerning the extensive meet and confer efforts engaged in prior to the filing of the Motion to Trifurcate, as well as all other Motions in Limine filed by the defense.

(1) The Names Of The Counselors Present At The Conference – I was present for the meet and confer conference on behalf of Defendants. Marcel Sincich, Esq., appeared on behalf of Plaintiffs. Lead trial counsel for Plaintiffs, Mr. Dale Galipo, apparently was unavailable to attend the conference. Mr. Sincich stated several times during the conference that he would need Mr. Galipo's review and final approval for several items discussed. It was also my intention to run our discussions by my trial team for additional input, which I did.

1    (2) When The Conference Was Held – The conference was held on June 14,
2  2024, beginning at 2:00 p.m.

4    (3) How Long The Conference Lasted – The conference lasted approximately
5  two and ½ hours.

7    (4) The Manner In Which The Conference Was Held – The conference took
8  place via the Zoom video conferencing platform.

10   (5) What Issues Were Discussed – All of Plaintiffs' proposed motions in limine
11 and all of Defendants' proposed motions in limine were discussed, including
12 Defendants' Motion to Trifurcate the Trial.  Following the robust video conference,
13 counsel further exchanged several drafts of the Joint Stipulation Regarding Evidence
14 at Trial and Motions in Limine.  Ultimately, the parties reached an agreement as to
15 multiple issues, resulting in the filing of the Stipulation [Dkt. #41], which the Court
16 approved. [Dkt. # 52].  There were multiple issues, however, where the parties were
17 unable to reach agreement, as set forth below.

19   (6) What Issues The Parties Were Unable To Resolve- The parties were unable
20 to reach agreement as to several issues, resulting in the filing of their respective
21 motions in limine.

23   Specifically, the parties were unable to reach an agreement as to exclusion of
24 multiple opinions of Plaintiffs' police practices expert, Mr. Clark, concerning the cited
25 opinions expressed in both his Rule 26 expert report and deposition, which Defendants
26 believe constitute improper credibility determinations by an expert, opinions beyond
27 the scope of Mr. Clark's expertise, improper legal opinions which invade the province
28 of the jury and speculative opinions that lack foundation.  This resulted in Defendants

filing their Motion in Limine #1 [Dkt. # 43].

The parties were unable to reach an agreement as to the preclusion of Plaintiffs, their counsel or their witnesses from introducing any testimony, documents, evidence of damages or other evidence relating to a prior officer-involved shooting involving Defendant Corporal Alvarado. This resulted in Defendants filing their Motion in Limine #2 [Dkt. #39].

The parties were unable to reach an agreement as to the introduction of portions of the videotaped statement of Linda Briones, who was a percipient witness to the events and who Defendants believe may not appear at trial. This resulted in Defendants filing their Motion in Limine #3 [Dkt. #42].

The parties were unable to reach an agreement as to the trifurcation of this trial in the following phases:
- Phase 1: The trial of the issue of the individual peace officer defendant - Corporal Alvarado's -- liability under 42 U.S.C. § 1983 and damages;
- Phase 2: The trial of the issue of Defendant City of Ontario liability under 42 U.S.C. § 1983 and Monell v. Dept. of Soc. Serv. of City of New York, 436 U.S. 658 (1978) (if necessary);
- Phase 3: The trial of the issue of punitive damages against Corporal Alvarado (if necessary).

This resulted in Defendants filing their Motion in Limine #4 [Dkt. #40].

The parties were unable to reach an agreement as to the exclusion of any evidence, testimony, argument, or reference at trial to any information unknown to Defendant Alvarado at the time of his use of deadly force. This resulted in Plaintiffs filing their Motion in Limine #1 [Dkt. #46]. Defense counsel specifically noted that

there were several officers who suspected that the decedent was under the influence of drugs due to his extremely dangerous driving activities during the pursuit and refusal to simply pull over and submit to law enforcement authority, as testified to in deposition, which subsequently was corroborated by the Coroner's Report. Defense counsel also noted that his use of methamphetamine was relevant to the issue of damages.

The parties were unable to reach an agreement as to the exclusion of any evidence, testimony, argument, or reference at trial to information unknown regarding speculative and prejudicial information. This resulted in Plaintiffs filing their Motion in Limine #2 [Dkt. #47]. Defense counsel noted that decedent Benavente's absence from his parents for most of his juvenile life, because he had been placed in a series of foster care homes, was very probative of the nature of the parent-child relationship, or more importantly, the lack thereof. I agreed that the reasons for the removal would be more prejudicial than probative, as reflected in the stipulation filed with the Court.

In addition, I asserted that the opinions of a trained police officer, Corporal Alvarado, concerning his lack of options with respect to re-positioning to avoid the imminent threat of death or serious bodily injury posed by Mr. Benavente's dangerous driving activities in reversing his vehicle directly at Corporal Alvarado, who was standing his the "A" frame of his door at the time, were directly relevant to the reasonableness of Corporal Alvarado's decision to utilize deadly force to stop the threat posed by Mr. Benavente.

The parties were unable to reach an agreement as to the exclusion entirely of Defendants' retained animation and computer graphics expert Brady Held. This resulted in Plaintiffs filing their Motion in Limine #3 [Dkt. #48]. I noted during the conference that the exhibit was for demonstrative purposes only for the jury's

consideration, which did not need to be disclosed pursuant to Rule 26. Mr. Held was designated as an expert in an abundance of caution to permit his deposition to go forward so that Plaintiffs' counsel could cross-examine him concerning his methodology in preparing the exhibit. Plaintiffs' counsel chose not to depose Mr. Held.

The parties were unable to reach an agreement as to the exclusion of the testimony of Defendants' retained accident reconstruction expert Michael Callahan. This resulted in Plaintiffs filing their Motion in Limine #4 [Dkt. #49]. If anything, I noted that the jury was entitled to give weight to Mr. Callahan's testimony as they saw fit and that total exclusion of him as an expert was completely inappropriate and extremely prejudicial to the defense of this case.

The parties were unable to reach an agreement as to the exclusion of the testimony of Defendants' retained police practices expert Robert Handy. This resulted in Plaintiffs filing their Motion in Limine #5 [Dkt. #50]. As with Mr. Callahan's testimony, I noted that the jury was entitled to give weight to Mr. Handy's testimony as they saw fit and that total exclusion of him as an expert was completely inappropriate and extremely prejudicial to the defense of this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of July, 2024, at Fullerton, California.

_____
James R. Touchstone, Esq.