1   **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
2   dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
3   msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
4   Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118
5
**RODRIGUEZ APODACA LAW FIRM, LLP**
6   Richard A. Apodaca (SBN 292294)
richarda@ralawllp.com
7   Elissa K. Buenrostro (SBN 303299)
elyb@ralawllp.com
8   Empire Towers I
3633 Inland Empire Blvd., Suite 575
9   Ontario, CA 91764
Tel: (909) 944-3777 | Fax: (909) 944-5777
10  *Attorneys for Plaintiffs*

11

12              **UNITED STATES DISTRICT COURT FOR THE**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15  FRANK BENAVENTE; and NICOLE          Case No. 5:23-cv-00266-SSS-KK
VENTRESS,                            [*Honorable Sunshine S. Sykes*]
16
Plaintiffs,              **PLAINTIFFS' OPPOSITION TO**
17                                       **DEFENDANTS'** *EX PARTE*
v.                       **APPLICATION FOR LEAVE TO**
18                                       **REFILE MOTION FOR SUMMARY**
CITY OF ONTARIO; and ALBERT          **JUDGMENT**
19  ALVARADO,
[*Filed concurrently with* Declaration of
20      Defendants.              Marcel F. Sincich]

21

22

23

24

25          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

26          Plaintiffs Frank Benavente and Nicole Ventress hereby submit their

27  Opposition to Defendants' *Ex Parte* Application To For Leave to Re-File Motion

28  For Summary Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND PROCEDURAL BACKGROUND

The Court denied Defendants' motion for summary judgment without prejudice for Defendants failure to follow the Court's procedures. Defendants now move *ex parte* to re-file their motion, which should be denied on any one or combination of the following. First, *ex parte* relief is unwarranted because Defendants created the crisis. Second, Defendants *ex parte* is not timely. The Court's deadline to hear motions has passed, and both the *ex parte* and a subsequent re-filed motion would be months after that deadline. Third, there is no good cause to grant Defendants leave to re-file their motion nor allow the previously filed motion to proceed. It was Defendants' own admitted error that led to the denial of their motion without prejudice. Fourth, Defendants do not have a basis for modification of the scheduling order (i.e., vacating all dates and deadlines). Finally, Plaintiffs would be unfairly prejudiced if Defendants *ex parte* application were granted, especially because Defendants seek to vacate all dates pending the resolution of their dispositive motion. Thus, Defendants' *ex parte* application should be denied.

Plaintiffs filed this action on February 17, 2023. (Doc. 1.) On February 22, 2022, the Court issued a Civil Standing Order. (Doc. 10.) That Order explained Local Rule 7-3's requirement that "counsel contemplating filing of any motion" must "first contact opposing counsel to discuss thoroughly ... the substance of the contemplated motion and any potential resolution"; a requirement that "[c]ounsel ... discuss the issues sufficiently such that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court"; and a requirement that any notice of motion include details regarding that discussion, including the names of the counselors present, how long the conference lasted, and the manner in which the conference was held. (*Id.*) On May 18, 2023, the Court issued a Civil Trial Order containing a schedule of pretrial and trial dates. (Doc. 22 at 4.) These dates included a "Last Date to Hear Motions" of May 17, 2024;

1  deadlines for the briefing of motions *in limine* in June and July 2024; deadlines for

2  pretrial filings in July 2024; a Final Pretrial Conference on August 2, 2024; and a

3  jury trial to begin on August 19, 2024. (*Id.*) Plaintiffs filed their operative First

4  Amended Complaint on February 21, 2023. (Doc. 5.) Defendants waited over a year

5  to file a Motion for Summary Judgment on March 29, 2024. (Doc. 31.) On June 28,

6  2024, the Court issued an Order denying Defendants' motion without prejudice for

7  failure to include required information regarding the pre-filing conference between

8  counsel followed by the instant *ex parte* motion. (Docs. 55 and 56.)

9  **II.    *EX PARTE* RELIEF IS UNWARRANTED**

10      "Ex parte proceedings are appropriate only in a narrow set of circumstances."

11  *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870

12  (9th Cir. 2001). As the Court has instructed, "*ex parte* applications are solely for

13  extraordinary relief." (Doc. 10 at 5:25-26); *See generally Mission Power Eng'g v*

14  *Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Further, "[a]n *ex*

15  *parte* motion should never be submitted by itself. It must always be accompanied by

16  a separate proposed motion for the ultimate relief the party is seeking." *Id.* at 492

17  (must include two distinct motions or parts). Defendants do not provide any such

18  separate motion for relief on an *ex parte* basis and fail to meet their burden to

19  demonstrate good cause and show they did not create the crisis. Defendants do not

20  show extraordinary circumstances to justify *ex parte* relief. *See id.* at 492-93.

21      "Abuse [of the ex parte process] is detrimental to the administration of justice

22  and, unless moderated, will increasingly erode the quality of litigation and present

23  ever-increasing problems for the parties, their lawyers, and for the court." *Id.* at 489.

24  Here the inherently unfair nature of *ex parte* motions is highlighted. *See id.* at 490.

25  Plaintiffs' opportunity to prepare their opposition is unbalanced and exacerbated by

26  Plaintiffs' presently working on (in just this matter) opposing Defendants Motions

27  *in Limine*, drafting and serving Plaintiffs' Proposed Jury Instructions, and drafting

28  and serving Plaintiffs' Confidential Mediation Brief (in addition to responsibilities

1    with other cases), but having to drop working on these and all other deadlines in

2    order to oppose an *ex parte* application. Thus, the standard for *ex parte* relief has not

3    been satisfied and Plaintiffs' respectfully request that the Court deny Defendants *Ex*

4    *Parte* Application on these reasons alone.

5    **III.   LEGAL STANDARD**

6            The Court generally allows each party to file only one motion for summary

7    judgment. "No party may file more than one (1) motion pursuant to Federal Rule of

8    Civil Procedure 56, regardless of whether such motion is denominated a motion for

9    summary judgment or summary adjudication, without leave of the Court." (Doc. 10

10   at 16:25-27; Doc. 55 at 2.) The Court's Order reflects a policy expressed in case

11   law. *See Bernstein v. Virgin Am., Inc.*, 2017 WL 7156361, at *1 (N.D. Cal. Dec. 29,

12   2017). The present Motion is within the Court's discretion and generally must be

13   supported by good cause. For instance, if there is a change in facts, a change in law,

14   or a need to correct a clear error to prevent manifest injustice. *See Peasley v.*

15   *Spearman*, No. 15-CV-01769-LHK, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14,

16   2017) (quoting *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) and

17   *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal.

18   1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.

19   1987).) None are present here. Further, district courts retain discretion to weed out

20   frivolous motions. *Hoffman*, 593 F.3d. at 911.

21           Additionally, under Federal Rule of Civil Procedure 16, once a scheduling

22   order has been entered, it may not be modified except upon a showing of "good

23   cause." Fed. R. Civ. P. 16(b)(4); see also Local Rule 16-14; *see United States v.*

24   *Schumer*, 63 F.3d 1512, 1526 (9th Cir. 1995); *see also Ungar v. Sarafite*, 376 U.S.

25   575, 589 (1964). "Rule 16(b)'s 'good cause' standard primarily considers the

26   diligence of the party seeking the amendment." *Thompson v. BMW of N. Am., LLC*,

27   334 F.R.D. 230, 233 (C.D. Cal. 2020) (emphasis added) (quoting *Johnson v.*

28   *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "If the party

1  seeking the modification was not diligent, the inquiry should end and the motion to

2  modify should not be granted." *Thompson*, 334 F.R.D. at 233 (quoting *Zivkovic v. S.*

3  *Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). Courts also consider whether

4  trial is imminent, whether the request is opposed, and whether the non-moving party

5  would be prejudiced. *Schumer*, 63 F.3d at 1526; *see also United States v. 2.61 Acres*

6  *of Land*, 791 F.2d 666, 671 (9th Cir. 1985). Furthermore, the underlying purpose of

7  Rule 16(b), provides support for denying Defendants' present Motion. *See Johnson*,

8  975 F.2d at 609 (citation omitted).

9        The Court deliberately spaced the pretrial deadlines to ensure the parties'

10 positions are thoroughly briefed and provide the Court with sufficient time to

11 consider the arguments and issue its orders. (Doc. 22 at 2:15-18.) Further, to

12 continue the pretrial and trial dates, Defendants must have (but failed to) support the

13 motion by a declaration detailing the good cause and due diligence demonstrating

14 the necessity for the continuance, dating back to the filing of the complaint. "The

15 Court will not grant requests to continue pretrial or trial dates absent this detailed

16 showing. General statements are insufficient to establish good cause" (*Id.* at 19:23-

17 20:5.) Defendants' Motion does not present a detailed showing as to why case dates

18 and deadlines, including the trial date should be vacated.

19 **IV.    DEFENDANTS' MOTION IS UNTIMELY**

20       Defendants *ex parte* should be denied as untimely. On May 18, 2023, the

21 Court set a deadline of May 17, 2024, "to Hear Motions," applicable to dispositive

22 motions and the present motion. (Doc. 22 at 4.) Since this deadline has long passed,

23 this *ex parte* and any refiled motion would be untimely. A court's "scheduling order

24 is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded

25 by counsel without peril." *Johnson*, 975 F.2d at 610. "Disregard of the order would

26 undermine the court's ability to control its docket, disrupt the agreed-upon course of

27 the litigation, and reward the indolent and the cavalier." *Id.*; *see Martin Family Tr.*

28 *v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) ("Calendars

1  are simply too crowded [] to treat scheduling orders as optional") (citation omitted).

2       Defendants could have endeavored to comply with the scheduling order first

3  by not waiting to file their motion for summary judgment, by complying with the

4  Court's order and including the proper information after a proper meet and confer,

5  by seeking leave to modify the scheduling order to allow for the filing of additional

6  motions, then by seeking an order shortening time on their motion so that it could be

7  heard prior to a regularly noticed motion hearing date; unfortunately, they did not.

8  *See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th

9  Cir. 1985) (district courts may deny as untimely motions filed after scheduling order

10  cut-off date where no request to modify order has been made), *superseded by statute*

11  *on other grounds as recognized in Simpson v. Lear Astronics Corp.*, 77 F.3d 1170,

12  1174 (9th Cir. 1996). Moreover, Defendants are not entitled to a modification of the

13  scheduling order, as there is not good cause, and Plaintiffs would be significantly

14  prejudiced. That the timing of Defendants' motion for summary judgment and the

15  Court's subsequent denial thereof resulted in insufficient time for the instant motion

16  to be heard before the deadline to hear motions is a result of Defendants' own acts

17  and omissions, meriting denial. *See Bernstein*, 2017 WL 7156361, at *1 ("Because

18  the timing of [Defendant's] motion was totally in [Defendant's] hands, whatever

19  limitations went along with that timing were of [Defendant's] own making.").

20       Because Defendants' present motion is untimely and thus violates the Court's

21  scheduling order, it should be denied. *See Netlist Inc. v. Samsung Elecs. Co. Ltd.*,

22  No. 8:20-cv-993-MCS-ADS, 2021 WL 6103542, at *1 (C.D. Cal. Oct. 27, 2021);

23  *see, e.g., AGA & Titan Inc. v. United Specialty Ins. Co.*, No. 2:20-cv-2698-MCS-

24  AS, 2021 WL 5263867, at *1 (C.D. Cal. Aug. 31, 2021); *Gonzalez v. Ford Motor*

25  *Co.*, No. CV 19-652 PA (ASx), 2019 WL 9042544, at *2 (C.D. Cal. Aug. 12, 2019);

26  *Irise v. Axure Software Sols., Inc.*, No. CV 08-3601 SJO (JWJx), 2009 WL

27  3615973, at *2 (C.D. Cal. July 30, 2009); *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975

28  F.2d at 610; *Martin Family Tr.*, 186 F.R.D. at 603. In addition to Defendants'

1   motion itself being untimely, Defendants' request to vacate all dates and deadlines is

2   improper, and Defendants alternative request to allow the previously briefed matter

3   to proceed is improper – and Defendants have not made a showing of good cause.

4   Because the Court's May 17, 2024, deadline to hear motions has already passed, this

5   motion and any potential re-filed motion would necessarily be untimely. Thus,

6   Defendants' *ex parte* application should be denied for this reason as well.

7   **V.      DEFENDANTS' ERROR IS NOT GOOD CAUSE TO RE-FILE THEIR**

8   **MOTION FOR SUMMARY JUDGMENT**

9          Defendants' request for leave to re-file their motion for summary judgment

10  should be denied for lack of good cause. Although not categorically barred,

11  Defendants' request is generally disfavored. *See Peasley*, 2017 WL 5451709 at *3;

12  *see Bernstein*, 2017 WL 7156361, at *1 ("When the Court must spend more time on

13  one case, the inevitable cost is having less time to spend on another. Limiting the

14  parties' ability to seek the same relief successively is one way of ensuring that the

15  Court can devote adequate attention to each of the matters before it.").

16         There is no good cause to grant leave to re-file their motion because

17  Defendants' motion was denied due to their "insufficient meet and confer

18  declaration." (Mot. at 5:21-22.) This failure was despite Defendants' presumed

19  awareness of the Order's requirements given more than a year prior. Further,

20  Plaintiffs alerted the Defendants to the Court's requirements and their failure to

21  comply with those requirements by filing their Objection to Defendants Notice of

22  Motion (Doc. 37), and in the subsequent phone call with defense counsel (Sincich

23  Dec. ¶2). Still, Defendants failed to comply with the Court's requirements in their

24  Motions *in Limine* file June 21, 2024 (Docs. 39, 40, 42, 43), which the Court has

25  identified regarding the motion to trifurcate (Doc. 55 at 2). As the Ninth Circuit has

26  observed in a related context: "Carelessness is not compatible with a finding of

27  diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

28

1    Nevertheless, Defendants' attempt to cure the deficiency does not create good

2    cause for leave to re-file summary judgment. Local Rule 7-3 provides that before

3    filing any motion, counsel for the moving party "must first contact opposing counsel

4    to discuss thoroughly ... the substance of the contemplated motion and any potential

5    resolution." L.R. 7-3; *see Fox v. J.P. Morgan Chase Bank*, CV 16-193 DMG

6    (JEMx), 2016 WL 7444974, at *1 n.1 (C.D. Cal. Mar. 17, 2016); *see Hooks v.*

7    *Target Corp.*, No. 5:22-cv-52-SSS-SPx, 2023 WL 5505016, at *1 (C.D. Cal. July

8    25, 2023); *Vijaraghavan v. Riverside Cnty. Dist. Attorney's Office*, No. 5:23-cv-683-

9    SSS-KKx, 2024 WL 661196, at *1 (C.D. Cal. Jan. 5, 2024).

10    On March 11, 2024, the parties had a phone call (assuming approximately 18

11    minutes is correct) regarding Defendants' anticipated motion for summary

12    judgment, which also in substantial part included discussion of scheduling

13    mediation and possibility of continuing the motion filing date so that the parties

14    could engage in mediation without the potentially unnecessary time and expense for

15    briefing a dispositive motion. (Sincich Decl. at ¶3.) The conference also included

16    Plaintiffs' efforts to see if the parties could reach a potential resolution without the

17    motion—i.e., Plaintiffs' counsel inquired if the parties could reach an agreement that

18    if Plaintiffs voluntarily dropped several causes of action, would Defendants forego

19    filing the motion. (*Id.*) Plaintiffs' counsel was told that the matter will be taken up

20    with the defense team, hence Defendants' response, "I will let you know about

21    future dates for a possible mediation and stip to continue our MSJ filing date." (*Id.*;

22    Doc. 56-1 at 1.) After not receiving a response, Plaintiffs followed up with

23    Defendants, where defense counsel declined the proposals without further

24    discussion and stated they would file their motion. (Sincich Decl. at ¶3.)

25    Based on the foregoing, the Court may find that Defendants' meet-and-confer

26    efforts nevertheless fell short of what Local Rule 7-3 and the Court's Civil Standing

27    Order requirements. For these additional reasons, Defendants lack good cause to

28    receive leave to re-file their motion for summary judgment, and the instant motion

1   should be denied. *See Taraska v. Swedelson*, No. 2:21-cv-2206-MCS-JEM, 2021

2   WL 4734872, at *2 (C.D. Cal. Aug. 24, 2021) (denying motion on basis that "the

3   Parties failed to comply with Local Rule 7-3's requirement to 'thoroughly' discuss

4   [the] Motion"); *Oh v. BMW of N. Am., LLC*, No. CV 20-611 PSG (SKx), 2020 WL

5   5092831, at *3-4 (C.D. Cal. June 22, 2020) (denying motion after stating: "[T]he

6   parties' emails indicate they did not actually discuss 'thoroughly' the bases of the

7   issues in detail.... It is clear from the parties' papers that they did not comply with

8   [the meet-and-confer] requirements, and this Court generally does not excuse

9   noncompliance with Rule 7-3.")

10        Finally, Plaintiffs would be significantly prejudiced by granting Defendants

11   motion. The August 19, 2024 trial that has been set in this action for over a year is

12   rapidly approaching, with numerous pretrial filings due during the intervening

13   period, including a June 28, 2024, deadline to exchange proposed jury instructions;

14   July 5, 2024, first round of pretrial filings; and the July 19, 2024, second round of

15   pretrial filings. The Court will likely require time to rule on the instant motion after

16   the hearing, and a hearing on any subsequently re-filed motion for summary

17   judgment would necessarily come even later. Defendants' failure has already caused

18   the parties to have to file and oppose motions *in limine* and will also result in the

19   parties having to prepare and file pretrial documents without and order regarding

20   Defendants' motion for summary judgment confirming which claims will be tried.

21   Plaintiffs also strongly oppose vacating the dates, given the heavy trial calendar of

22   Plaintiffs' lead trial counsel and probable unavailability for a new trial date for

23   many months after August 2024. Plaintiffs have already expended considerable time

24   and resources defending against Defendants' motion for summary judgment and

25   opposing their instant *ex parte* application. Granting Defendant's request, forcing

26   Plaintiffs to go through the process a second time, would not be fair to Plaintiffs,

27   *see, e.g., NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2020 WL

28   510219, at *2 (N.D. Cal. Jan. 31, 2020), or the Court, *Bernstein*, 2017 WL 7156361,

1  at *1 ("The purpose of the Court's standing order is to manage the limited resources

2  of the Court's time and attention.") (citation omitted). Finally, Defendants motion

3  for summary judgment and any re-filing thereof is frivolous given the clearly

4  disputed issues of material fact in this matter. *See* Fed. R. Civ. Pro. 56. Accordingly,

5  because Defendants' current circumstance is one of their own making, granting

6  Defendants leave to re-file their motion—and especially the continuance of the

7  current dates and deadlines that would likely be necessary to accommodate

8  Defendants' re-filed motion—would unfairly prejudice Plaintiffs and the Court.

9  **VI.    CONCLUSION**

10       For the foregoing reasons, Plaintiffs respectfully request that the Court deny

11  Defendants' *Ex Parte* Application in its entirety.

12

13  Respectfully submitted,

14  Dated: July 1, 2024,                 **LAW OFFICE OF DALE K. GALIPO**
                                         **RODRIGUEZ APODACA LAW FIRM, LLP**
15

16                                       By _____/s/_____Marcel F. Sincich_____
                                            Dale K. Galipo
17                                          Marcel F. Sincich
18                                          *Attorneys for Plaintiffs*, FRANK BENAVENTE
                                            and NICOLE VENTRESS
19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF COMPLIANCE

2       The undersigned counsel of record for Plaintiffs certify that this brief

3   contains 2,941 words, which complies with the word limit of L.R. 11-6.1.

4

5   Respectfully submitted,

    Dated: July 1, 2024,          **LAW OFFICE OF DALE K. GALIPO**
6                                  **RODRIGUEZ APODACA LAW FIRM, LLP**

7

8                                  By _____ */s/    Marcel F. Sincich* _____
9                                     Dale K. Galipo
                                      Marcel F. Sincich
10                                    *Attorneys for Plaintiffs*, FRANK BENAVENTE
11                                    and NICOLE VENTRESS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28