**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**RODRIGUEZ APODACA LAW FIRM, LLP**
Richard A. Apodaca (SBN 292294)
richarda@ralawllp.com
Elissa K. Buenrostro (SBN 303299)
elyb@ralawllp.com
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Tel: (909) 944-3777 | Fax: (909) 944-5777

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENAVENTE; and NICOLE VENTRESS,<br><br>Plaintiffs,<br><br>vs.<br><br>ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:23-cv-00266-SSS-DTBx<br><br>[*Honorable Sunshine S. Sykes*]<br>*Magistrate Judge David T. Bristow*<br><br>**DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR LEAVE TO REFILE MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed concurrently:* Plaintiffs' Opposition to Defendants' *Ex Parte* Application For Leave To Refile Motion For Summary Judgment] |

# DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs. I make this declaration in support of Plaintiffs' Opposition to Defendants' *Ex Parte* Application for Leave to Re-File Motion for Summary Judgment (Doc. 56). I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. On June 7, 2024, Plaintiffs' counsel discussed with Defense counsel, Plaintiffs Objection to Defendants' Notice of Motion. (Doc. 37.) Plaintiffs counsel specifically informed Defense counsel that the objection relates to the Defendants failure to comply with the Court's Civil Standing Order that requires inclusion of six specific items of information. Plaintiffs counsel also informed Defense counsel that Plaintiffs' objection was not to imply that the parties did not have a call related to Defendants motion for summary judgment, but that in light of the Court's procedures and order in another civil rights matter, Plaintiffs felt it diligent to file a short objection. Plaintiffs' counsel also specifically offered to file an amended objection to ensure that there was no ambiguity in Plaintiffs' intent. Nevertheless, and prior to Plaintiffs filing an amended objection, Defendants filed a response.

3. On March 11, 2024, the parties had a phone call regarding Defendants' anticipated motion for summary judgment, which also in substantial part included discussion of scheduling mediation and possibility of continuing the motion filing date so that the parties could engage in mediation without the potentially unnecessary time and expense for briefing a dispositive motion. It was Plaintiffs' belief that Defendants would consider Plaintiffs' proposal in part because Defendants followed up with an email stating that they would get back to Plaintiffs on the matter. Additionally, in the phone call, Plaintiffs counsel proposed a resolution without the need for briefing a dispositive motion by inquiring if

Defendants *would not* file a motion for summary judgment if Plaintiffs voluntarily dropped certain claims for relief (e.g., *Monell* claims). Plaintiffs' counsel was told that the matter will be taken up with the defense team and that Defendants would get back to Plaintiffs on the proposals. After not receiving a response, Plaintiffs followed up with Defendants, where defense counsel declined Plaintiffs' proposals without additional discussion and stated they would file their motion for summary judgment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 1st day of July 2024.

_____
Marcel F. Sincich