**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich (SBN 319508)
msincich@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118

**RODRIGUEZ APODACA LAW FIRM, LLP**
Richard A. Apodaca (SBN 292294)
richarda@ralawllp.com
Elissa K. Buenrostro (SBN 303299)
elyb@ralawllp.com
Empire Towers I
3633 Inland Empire Blvd., Suite 575
Ontario, CA 91764
Tel: (909) 944-3777 | Fax: (909) 944-5777

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BENAVENTE and NICOLE VENTRESS,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:23-cv-00266-SSS-KK<br>[*Honorable Sunshine S. Sykes*]<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' LATE SUPPLEMENTAL DECLARATION RE MEET AND CONFER EFFORTS IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE AND MOTION TO TRIFURCATE TRIAL**<br><br>MIL Date: July 26, 2024<br>Time: 2:00 p.m.<br>Dept.: 2, 2nd Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE THAT:**

Plaintiffs submit the following objection to Defendants' late, Supplemental Declaration of James R. Touchstone re Meet and Confer Efforts in Support of Defendants' Motions in Limine and Motion to Trifurcate Trial. (Doc. 57.)

First, Defendants' Supplemental Declaration is untimely. The deadline to file Motions *in Limine* was June 21, 2024, pursuant to this Court's Civil Trial Order. (Doc. 22 at 4.) Defendants' Supplemental Declaration, filed over a week after the deadline on July 1, 2024, is late and should be disregarded.

Secondly, the need for Defendants' Supplemental Declaration should be construed as Defendants' admission that Defendants again failed to comply with the Court's Civil Standing Order regarding "Meet and Confer Requirements." (Doc. 10 at 11:23-12:6.) This Court's instructions specifically state, "[i]n addition to the previous statement, this court requires Counsel to include: (1) the names of the counselor's present at the conference, (2) when the conference was held, (3) how long the conference lasted, (4) the manner in which the conference was held, (5) what issues were discussed, and (6) what issues the parties were unable to resolve." (*Id.*)

Third, Defendants' Supplemental Declaration is not sufficient and does not cure the deficiencies in their four notices of motions (see Docs. 39, 40, 42, 43).

On June 14, 2024, it was made known to Defendants that Plaintiffs' lead trial counsel, Mr. Galipo, was going to be engaged in a deposition starting at 2 p.m. Plaintiffs made an effort to start the parties' meet and confer meeting at 1 p.m., but Defendants were not available to do so. Given that lead trial counsel's presence is not required in order to meet and confer on motions *in limine*, and given that Plaintiffs' counsel, Mr. Sincich, drafted both of Plaintiffs' motions *in limine* as well as Plaintiffs' opposition to Defendants' motions *in limine*, Mr. Sincich properly conducted the conference on behalf of Plaintiffs. Before Mr. Galipo could join the

conference after completion of his deposition, Defense counsel needed to go due to prior obligations.

The Court could find that Defendants' Supplemental Declaration does not adequately identify how long the conference lasted for each of Defendant's four motions. Plaintiffs understood the intent of the Court's requirement was so that the Court could determine whether the substance of the motion was discussed thoroughly, which is why Plaintiffs made such specification in each of their motions *in limine* (see Plaintiffs notice of motion in Docs. 46-50.) Because Defendants' lack such specificity, it should not be presumed that Defendants' four motions were discussed in the "conference last[ing] approximately two and ½ hours." Indeed, Plaintiffs' motions were discussed as well.

Regarding Defendants' Motion *in Limine* No. 1 to Limit or Exclude Certain Opinions of Expert Roger Clark, Defendants did not point out or discuss the 59 "opinions" subject to the motion (Doc. 43, and Def. Exh. B at 61-69). Plaintiffs first learned of the 59 "opinions" in dispute by reading Defendants' motion. Defendants Supplemental Declaration does not contend that the parties discussed the identified 59 "opinions" prior to filing their motion, but only categories of information. Thus, as a general stance on the matter, Plaintiffs agreed that credibility determinations and legal conclusions should be excluded, which is why Plaintiffs suggested, drafted and filed (with Defendants' agreement) the parties' stipulation which specifically includes that "Legal conclusions, which are the province of the Court" and "Credibility determinations, which are the province of the jury" should be excluded from trial. (Do. 41 at 3:4-5.) It is disputed whether Mr. Clark makes any credibility determinations or renders legal conclusions in his report or deposition. Nevertheless, because the "opinions" Defendants identified only in their motion were not discussed prior to filing the motion, Defendants' Supplemental Declaration does not sufficiently cure Defendants' notice of motion in violation of this Court's Order.

Regarding Defendants' Motion *in Limine* No. 3 to Include Portions of Videotaped Statement of Linda Briones (Doc. 42): during the conference, Plaintiffs were under the impression that Defendants would seek to include the entire videotaped statement, but from their motion Defendants state that they seek inclusion of only specific portions. Like Defendants' motion, Defendants' Supplemental Declaration does not identify which "portions" of Ms. Briones' statement they seek to introduce. Thus, Plaintiffs contend that any issues with those unidentified portions of Ms. Briones' statement were not discussed thoroughly, and Defendants' Supplemental Declaration does not cure the respective notice of motion violation.

Defendants' Supplemental Declaration should be disregarded as untimely. In the alternative, Defendants' Supplemental Declaration does not cure the deficiencies in their four motions *in limine* notice of motions. It nevertheless highlights Defendants' now repeated failure to comply with this Court's Civil Standing Order and supports denial of Defendants Ex Parte Motion to Re-File Summary Judgment.

Respectfully submitted,

Dated: July 1, 2024

**LAW OFFICE OF DALE K. GALIPO**
**RODRIGUEZ APODACA LAW FIRM, LLP**

By   *s/ Marcel F. Sincich*
　　Dale K. Galipo
　　Marcel F. Sincich
　　*Attorneys for Plaintiffs* FRANK BENAVENTE and NICOLE VENTRESS