1  James R. Touchstone, SBN 184584
     jrt@jones-mayer.com
2  Denise L. Rocawich, SBN 232792
     dlr@jones-mayer.com
3  Scott Wm. Davenport, SBN 159432
     swd@jones-mayer.com
4  JONES MAYER
   3777 North Harbor Boulevard
5  Fullerton, CA 92835
   Telephone: (714) 446-1400
6  Facsimile: (714) 446-1448

7  Attorneys for Defendants,
   CITY OF ONTARIO and ALBERT ALVARADO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FRANK BENAVENTE and NICOLE VENTRESS, | Case No. 5:23-CV-00266-SSS |
|---|---|
| Plaintiffs, | *Judge:* Hon. Sunshine S. Sykes |
| v. | **REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO RE-FILE MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, ALLOWING PREVIOUSLY BRIEFED MATTER TO PROCEED IN LIGHT OF SUPPLEMENTAL DECLARATION OUTLINING MEET AND CONFER COMPLIANCE [DKT. 38]** |
| ALBERT ALVARADO; CITY OF ONTARIO; and DOES 1 through 10, inclusive, | |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants hereby submit this Reply in Support of their *Ex Parte* Application for Leave to Re-File Their Motion for Summary Judgment. As set forth herein, Plaintiffs do not deny that the parties engaged in a meaningful – and early – meet and confer process or that a subsequent Declaration was filed confirming the same, yet assert that Defendants should be denied the opportunity to have their motion heard on the merits. However, because good cause exists, the *ex parte* application – which was expressly contemplated by this Court in its denial without prejudice – should be granted.



# MEMORANDUM OF POINTS AND AUTHORITIES

## GOOD CAUSE EXISTS TO GRANT LEAVE TO RE-FILE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, TO ALLOW THE PREVIOUSLY BRIEFED MOTION TO PROCEED

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." *Celotex v. Catrett,* 477 U.S. 317, 327 (1986); see Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2022) § 14:31 ("Summary judgment is *not* a disfavored remedy) (emphasis in original).

Moreover, the motion in this case involves an issue of qualified immunity, which the United States Supreme Court has repeatedly made clear is "an entitlement not to stand trial" and that it is of such a critical nature that it is to "be resolved at the earliest possible stage in litigation." *Saucier v. Katz,* 533 U.S. 194, 200-201 (2001). Indeed, issues of immunity are so paramount that the Supreme Court has allowed for an immediate interlocutory appeal because "an immunity from suit rather than a mere defense to liability . . . is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985).

In this case, there is no dispute that Defendants engaged in an early and extensive meet and confer process prior to bringing their motion for summary judgment. See Declaration of Scott Davenport attached to *Ex Parte* as well *Exhibit* "A" attached thereto. There is similarly no dispute that Plaintiffs made a tactical decision to *not* address this issue at the time they filed their Opposition and, indeed, waited until after the matter had been fully briefed (and continued for a period of six weeks). Finally, there is no dispute that after Plaintiffs lodged a belated objection, Defendants filed a Supplemental Declaration within 24 hours outlining their Meet and Confer compliance which was consistent with the requirements in the Court's standing order.



1  And yet, despite Defendants' compliance with Local Rules regarding timing of
2  the motion and meet and confer requirements – and their subsequent submission of a
3  confirming declaration – Plaintiffs assert that Defendants should be deprived of their
4  right to present a dispositive motion based on a deviation from this Court's standing
5  order.  Such an argument elevates form over substance and is not consistent with case
6  authority suggesting that matters should be resolved on their merits.

7  Although Defendants acknowledge the initial deviation in the Declaration of
8  Counsel, any defect was cured by the Supplemental Declaration which detailed their
9  compliance with not only the Meet and Confer requirements, but also this Court's
10 standing order.  Indeed, the suggestion that a party could be denied a fundamental right
11 to file a dispositive motion due to a deviation in a local rule – or a local-local rule – is a
12 questionable one which is contrary to the proper administration of justice.

13 Indeed, if Plaintiffs' view of the law were given currency, an absurdity would
14 result.  Could a District Court strike a Notice of Appeal due to non-conforming margins
15 or font size, thereby depriving a party of a right to appeal?  Or strike a pleading for
16 failing to use proper federal citation format on including a footer with a pleading name?
17 Or for presenting chambers copies with standard-sized hole punches as opposed to a
18 larger size required by some members of this Court?  Certainly, that is not the state or
19 the law, nor should it be.  Simply stated, this is a matter best left for an Order to Show
20 Cause re: Non-Compliance rather than the denial of a client's fundamental right.

21 Moreover, Plaintiffs' suggestion that they are somehow prejudiced by this matter
22 is not tenable.  In this case, had Plaintiffs truly felt aggrieved by the nature of the
23 declaration, they could have addressed this issue in their opposition (which was filed on
24 April 12, 2024) rather than waiting over six weeks (and filing an objection after the case
25 was fully briefed and the hearing had already been continued once). Regardless of
26 whether such inaction constitutes a waiver, the fact is that very few rulings on dispositive
27 motions are issued on the date of the hearing.  There is still ample time for this Court to
28 address the matter based on the pleadings already on file.



Plaintiffs also appear to assert that Defendants are over-reaching in making this request. Not so. This Court expressly left open the option that Defendants be allowed to request leave to re-file the motion by denying the motion without prejudice. Defendants are willing to abide by whatever terms and conditions this Courts sets: whether that is to require the refiling of the motion (and the corresponding continuance of the trial) or to allow the Court to rule on the existing papers on file now that the question of the meet and confer conference has been answered satisfactorily.

Finally, to the extent that Plaintiffs are worried that the *ex parte* and the Court's subsequent ruling on the motion will have a deleterious impact on the current trial date, they are worried about the wrong thing. Any delay associated with a Petition for a Writ of Mandamus and a corresponding request for a stay would far exceed the time associated with this Court's ruling on the motion in this case.

### CONCLUSION

The simple fact is when one considers the Supplemental Declaration which was filed in advance of the hearing as well as the confirming emails in which the parties engaged, it is abundantly clear that the parties did engage in a meaningful Meet and Confer process, clarified this in a Supplemental Pleading before this Court, and remedied any defect in the initial Declaration of Counsel in advance of the hearing. Accordingly, Defendants respectfully requests that this Court issue an Order Granting Leave to Re-File Motion for Summary Judgment or, Alternatively, Allowing Previously Briefed Matter to Proceed.

Dated: July 1, 2024                     Respectfully Submitted,

                                                    JONES MAYER

                                                    By: */s/Scott Wm. Davenport*
                                                    Scott Wm. Davenport,

                                                    Attorney for Defendants,
                                                    ALBERT ALVARADO and CITY OF ONTARIO

